# CHARLESTON.

## CUNNINGHAM *v.* BOARD OF EDUCATION.

Submitted September 10, 1902.   Decided April 18, 1903.

1.   BOARD OF EDUCATION—*Meeting—Notice.*
    A meeting of two members of a Board of Education, at a time and place of which no notice was given to the other mem-

ber of the Board, and at which he was not present, is not a legal meeting and any attempted official act thereat is null and void.   (p. 321).

2.   BOARD OF EDUCATION.

A Board of Education can perform official acts only when a quorum thereof are assembled as a Board, by due notice to all the members, except that the president and secretary may sign orders upon the sheriff for any sum of money which may have been already ordered to be paid.   Sec. 6, ch. 45, Code. (p. 322).

Error to Circuit Court, Randolph County.

Action by A. L. Cunningham against the board of education of Dry Fork district.   Judgment for plaintiff, and defendant brings error.

Reversed.

C. W. DAILEY and CUNNINGHAM & STALLINGS, for plaintiff in error.

W. B. MAXWELL and E. D. TALBOTT, for defendant in error.

MCWHORTER, PRESIDENT:

This was an action of *assumpsit* by A. L. Cunningham against the Board of Education of Dry Fork District, in Randolph County, instituted in the circuit court of said county for $745.00, the contract price for "building upper story and vestibule and other repairs done to the public school house at Job, sub-district No. 6 and furnishing material therefor as per specification and details mentioned in the second count of the declaration."   The defendant entered the general plea of *non-assumpsit* and tendered two special pleas in writing and asked leave to file the same, which leave was granted and the pleas filed.   The first was to the effect that at the time and place of the supposed making of the contract, in the declaration mentioned, there was no meeting of the Board of Educaton of the district of which all its members had notice; that Asa Cooper, a member of said board, at the time of making said supposed contract with plaintiff had no notice of the time or place of meeting of said board; that on the —— day of July, 1899, and before plaintiff had attempted to carry out any part of said contract the defendant, when all the members of said board were present at a meeting called for that purpose and of which the plaintiff

had notice, did then and there by order entered of record cancel the supposed contract, but notwithstanding said orders so entered by defendant, and notice thereof, plaintiff attempted to carry out said supposed contract, which defendant was ready to verify, and prayed judgment, etc. The second plea set up the same defense more elaborately detailing how the meeting of May 24, 1899, at which the alleged contract was made, was brought about, etc., and the proceedings of the board, in July, 1899, in repudiating the contract and giving plaintiff notice thereof, and setting up the defense that defendant by said contract created a debt against the district illegally, because of lack of funds to pay for the work ordered.

And on the 16th of May, 1900, the defendant moved for and obtained leave to file additional pleas good in law, at any time within the next 30 days from that hate, and on the 22nd of October, 1901, plaintiff moved to strike out said pleas filed and six special pleas tendered to be filed on the ground that said pleas filed and tendered to be filed did not constitute a defence to the action, which motion was overruled and plaintiff excepted, and to all of which pleas plaintiff replied generally. The said six special pleas were to the same effect as the said former pleas. The case was tried before a jury and on the 24th of October both parties having introduced all their evidence to the jury the defendant demurred to plaintiff's evidence, in which plaintiff joined, and the jury returned a conditional verdict for the plaintiff, and assessed his damages at $843.00, and the court took time to consider the demurrer to the evidence. On the 29th of January, 1902, the court overruled the demurrer and entered judgment for plaintiff for the amount of the verdict. To the action of the court in overruling its demurrer to the evidence and rendering judgment for the plaintiff the defendant excepted, and was given thirty days in which to have its bills of exceptions signed up; which bills of exceptions were signed, sealed and saved to the defendant on the 30th day of January, 1902.

Upon the trial the plaintiff introduced as a witness, George M. Curtis, who was secretary of the Board of Education at the time the contract was made with Cunnningham, on the 24th day of May, 1899, for the work done on the school house at Job, for the price of which work this suit is brought. He introduced

the record of said board which shows that the meeting was held in Whitmer, on Saturday, April 22, 1899, at which meeting A. E. White, president of the said board and E. S. Nelson, a member thereof, were present, Asa Cooper, the other member of the board not being present. The record further shows that the said meeting of April 22, was held in pursuance to an order of adjournment dated December 31, 1898, at which the same two members, White and Nelson, were present, and at which Cooper was not present. At the meeting of April 22, the order was made to have the work done, which is charged for by plaintiff, the specifications whereof were entered of record and the secretary directed to advertise "for bids to be filed on or before May 20th, at 1 o'clock and not after." And it was ordered that the board do meet on the 20th day of May, 1899, at 1 o'clock, at Job. From some cause or other, not stated, no meeting was held on the 20th of May at Job, or elsewhere, but the witness stated the following from the record: "Office of the Secretary of the Board of Education of Dry Fork district, Randolph County, West Virginia. Pursuant to a call by A. E. White, prest. of said Board, the Board of Education of said district convened at Job, said call being made to convene at Whitmer and in absence of Asa Cooper and A. E. White, who was sick and unable to come to said place, E. S. Nelson, met at two o'clock p. m., on the 24th day of May, 1899: Present A. E. White, Prest., and E. S. Nelson, member of said Board. * * * The bids of G. S. Wilson, J. W. Munson and A. L. Cunningham, having been received and filed by the Secretary of this Board, as heretofore ordered by said Board, the bid of G. S. Wilson being $825.00, and that of J. W. Munson $750.00, and that of A. L. Cunningham being $745.00, for the contract of furnishing the materials for and constructing a second story addition, and vestiblue addition to, and making certain changes or alterations in the Job School Building in Sub District No. 6, of said District, according to the plans and specifications of said Board, as the same appears of record in the minutes of the proceedings of said Board of date April 22, 1899, and it appearing that A. L. Cunningham was the lowest responsible bidder, and he having tendered and filed a good and sufficient bond to secure the faithful performance of his contract, it is hereby ordered that said contract is hereby awarded

to said A. L. Cunningham to build and furnish materials for the addition and alterations as to said Job School Building hereinbefore provided by reason of his said written bid filed as aforesaid, and when said work is completed, it is ordered that said A. L. Cunningham shall be paid said sum of $745.00 by proper order drawn upon the building fund of said district, in the manner provided by law. It is ordered that this Board do now adjourn. A. E. White, Prest., Geo. M. Curtis, Secy."

Witness Curtis further states that the meeting was held at Job, at 2 o'clock; that there was a call by Mr. White, president, a copy if which witness mailed to Mr. Cooper at Harmon; but the meeting was to be held at the office of witness in Whitmer; that on the day of meeting President White sent word that he would not be able to attend on account of sickness and "It was decided by Mr. Nelson in as much as Cooper didn't come on the train or did not appear at the time the meeting was to be held pursuant to the call that we would go down to Job and meet with Mr. White, and transact this business and if Mr. Cooper was coming up on horseback to Whitmer we would be able to intercept him at Job and if he was present at Whitmer he would be intercepted and he could meet with the other two members there." Witness stated that Job was about five miles from Whitmer. Cooper lived at Harmon which is about ten miles from Whitmer. Cooper testified that he got the notice of the meeting to be held on the 24th of May sent to him by mail by Curtis, two days after the meeting was to be held; and this is coroborated by Squire McDonald who testified that he got Cooper's mail from the postoffice at Harmon, in which was included the postal card giving him notice of the meeting and which he got from the postoffice one or two days after the date of the meeting, which card he gave to Cooper. The so-called, action of the board at a meeting held on the 24th of May was the contract upon which plaintiff's claim is based, and which he put in evidence and relies upon to establish his demand. Sestion 6, chapter 45, Code, provides that, "A quorum of a board of education shall consist of a majority of the members thereof and in the absence of the president one of said members may act as such; but they shall do no official business except when assembled as a board and by due notice to all members, except that the president and secretary may sign

orders upon the sheriff for any sum of money which may have been already ordered to be paid." The language of this statute is unequivocal. The members can do no official business except when assembled as a board, and by due notice to all the members. In *Honaker* v. *Board of Education,* 42 W. Va. 170, (syl. pt. 1), it is held: "The board of education of a school district composed of the president of the board of education and two commissioners, is a public corporation, created by statute (Code, sec. 7, chap. 45) with functions of a public nature expressly given, and having no other; and therefore it can exercise no power not expressly conferred or fairly arising by necessary implication, and it can exercise its functions in no other mode than in that prescribed or authorized by the statute." And point two "The members of the board, acting individually and separately, and not as a board, convened for the transaction of business, cannot accept a proposal or make any contract whatever that will bind them as a corporation." And in point four it is held that "all who deal with a board of education are charged with notice of the scope of their authority and that they can bind their district only to the extent and by such contracts as are expressly authorized by law." Of course this means contracts which are made by the board when properly assembled as a board, all the members thereof having had due notice of such meeting. *Limer* v. *Trader's Company,* 44 W. Va. 175; *Penn. Lightning Rod Co.* v. *Board of Education,* 20 W. Va. 360; *Wintz* v. *Board of Education,* 28 W. Va. 227; *Casto* v. *Board of Education,* 38 W. Va. 707. Cooper testifies that he had no notice of the meeting held by White and Nelson on the 22nd of April, 1899, but it matters not about the meeting of April 22nd, as the alleged contract was made on the 24th of May, at a meeting held at Job by two of the members of the board five miles from the place at which the meeting was called to be held, at Whitmer. There can be no question that Cooper, a member, had no notice, even of the meeting to be held at Whitmer, until a day or two after the meeting was held at Job. As it appears from the record that the contract sued upon attempted to be awarded by the board of education on the 24th of May, 1899, is clearly shown by the evidence adduced by the plaintiff himself, to be utterly null and void, the demurrer to the evidence should have been sus-

tained. It is unnecessary to look to the assignment of error because of the court's refusal "to allow the defendant to offer in evidence before the jury an order made by the defendant on the 29th of July, 1899, and notice given thereof to the plaintiff, as set out in bill of exceptions No. 2."

For these reasons the Court reverses the judgment of the circuit court and proceeding to render such judgment as the circuit court should have rendered sustains the demurrer to the evidence and renders judgment for the defendant.

*Reversed.*