# CHARLESTON.

### MARY CAPEHART v. BOARD OF EDUCATION.

### Submitted April 9, 1918.   Decided April 16, 1918.

1. SCHOOLS AND SCHOOL DISTRICTS—*Teachers   Excused from Institute Attendance—Certificate.*

   One proposing to teach school who is, under the provisions of section 106 of ch. 45 of the Code, 1913, excused from institute attendance by the county superintendent of the county in which he proposes to teach, for some reason deemed sufficient by such county superintendent, need not have a certificate of such fact in writing, in order to have the benefit thereof.   (p. 220).

2. SAME—*Appointment of Teacher—Writing.*

   The appointment of a teacher by trustees of a sub-district under the provisions of section 56 of ch. 45 of the Code of 1913, to be binding upon the board of education, must be in writing. (p. 220).

3. SAME—*Board of Education—Notice of Meeting.*

   It is immaterial whether all of the members of the board of education have notice of a special meeting, in accordance with the provisions of section 32 of ch. 45 of the Code of 1913 or not, where it appears from the minutes of said meeting that all of the members of said board were present thereat and participated therein.   (p. 220).

4. SAME—*Establishment of Graded School—Statute.*

Where in a district the conditions exist which are required for the establishment of a graded school, in accordance with the provisions of section 28 of ch. 45 of the Code of 1913, and the board of education and other school officers of said district treat such school as a graded school, and it is in fact conducted as such graded school, it will be considered and held to be such, notwithstanding no formal order may have been entered by the board of education so designating it.   (p. 222).

5. OFFICERS—*Authority.*

One dealing with a public officer must inform himself as to the authority possessed by such officer. The public will be bound by the acts of a public officer only so far as he possesses authority to act.   (p. 222).

6. SCHOOLS AND SCHOOL DISTRICTS—*Employment of Teachers—Power of Board of Education.*

Where a board of education takes charge of a graded school and relieves the trustees of the sub-district from their duties in regard thereto, such trustees have no authority to employ a teacher, or teachers, for such school, or for any grade therein.   (p. 222).

Error to Circuit Court, Mason County.

Action of Mary Capehart against the Board of Education of Graham district.  From a judgment for plaintiff, defendant brings error.          *Reversed and remanded.*

*Musgrave & Blessing* and *John E. Beller,* for plaintiff in error.

*B. H. Blagg, Rankin Wiley,* and *Somerville & Somerville,* for defendant in error.

RITZ, JUDGE:

To recover salary claimed to be due her by the board of education of Graham district, in Mason county, the plaintiff instituted this suit before a justice of the peace where she had judgment for the amount claimed, to-wit, $210.00, being six months salary, at the rate of $35.00 per month.  Upon an appeal from this judgment to the circuit court of Mason county a like judgment was rendered against the defendant, and this writ of error is prosecuted thereto.

On the 23d day of July, 1914, the trustees of the sub-dis-

trict known as New Haven met at the school house in said district and selected the plaintiff to teach the primary grade in the New Haven school for the next school year. At that time the plaintiff had no certificate authorizing her to teach school, but she claimed that she had taken examinations as a result of which she subsequently procured a certificate. The trustees, however, entered into no contract in writing at that time with the plaintiff. Thereafter, on the first day of August, the board of education of the district held a meeting and passed a resolution taking over the management of the New Haven school and relieving the trustees of any duties in regard thereto, including the duty of employing teachers. The trustees claim not to have been advised of this fact, and on the 22nd day of August entered into a contract in writing with the plaintiff employing her as teacher for the primary grade in said New Haven school. Prior to this date, however, to-wit, on the 10th day of August, the board of education selected teachers for all of the grades in said school. It appears that at the time the board was in session for this purpose two of its members inquired of the plaintiff if she had a certificate authorizing her to teach school, and she advised that she had not. These two members state that she told them in addition that she did not know whether she would secure a certificate. She states that she told them that she did not have a certificate, but she had grades entitling her to a certificate. This information was desired by the board of education with a view of determining whether they would employ her. Upon ascertaining that she did not have a certificate they employed a full quota of teachers aside from the plaintiff. When the plaintiff presented herself to teach school at the opening of the school term she was denied the opportunity to enter upon the work under the contract made by her with the trustees on the 22nd day of August, and she states that, on account of it being so late in the season, she was unable to get another school, and consequently lost the salary she would have received as teacher for the six months for which she had contracted to teach the New Haven school, to-wit, the sum of $210.00. A great many questions are presented by counsel on either side of this case, but stripped of

all unnecessary verbiage the controversy resolves itself into a solution of the question of whether or not the plaintiff had a valid contract with the trustees to teach the primary grade in the New Haven school.

The first ground relied upon by the defendant to defeat the recovery here is that the plaintiff did not have a certificate showing her attendance at the institute during the year 1914, nor did she have a certificate excusing her from such attendance. It is conceded that the plaintiff did not attend the institute for five days during that year, as is contemplated by the law, but that she attended only one day. She says, however, that she was excused from attendance by the county superintendent on account of her illness and the illness of her mother. Under the law the county superintendent had the authority to excuse her. He does not deny that he did so excuse her, although he was a witness for the defendant in this case. The insistence of the defendant is that in order for such an excuse to be valid it must be in writing. The statute does not say so, and we see no reason for placing such a strict construction upon the language used. The statute makes it the duty of the county superintendent to see that no one teaches in the schools of his county unless he has attended the institute for five days, or been excused from such attendance for a good and sufficient reason. The county superintendent, who is authorized to excuse the teacher from institute attendance, is the county superintendent of the county in which such teacher proposes to teach, and we can see no reason why he should be required to give a certificate of the excuse in writing when he is the only party charged with the execution of this provision of the law.

The defendant contends, also, that the plaintiff did not have a valid contract with the trustees by reason of her selection as a teacher on the 23d day of July, because such appointment was not in writing, as required by the statute. The language of the statute provides that the appointment of a teacher shall be in writing upon the form prescribed by the state superintendent, and in the case of *Casto* v. *Board of Education,* 38 W. Va. 707, it was held that this provision is mandatory, and that unless the contract was in writing it

would not be binding upon the board of education, so that the action of the trustees on the 23d day of July, in selecting the plaintiff to teach the primary grade in the New Haven school did not constitute a valid appointment of her as such teacher. In order to make the same valid it required that a writing be entered into either at that time, or some subsequent time.

It is also insisted that because of the fact that plaintiff had no certificate at that time the trustees could not enter into a contract with her. We are not prepared to say that if the trustees of a sub-district contracted in writing with a teacher who did not have a certificate, and the teacher subsequently procured a certificate before entering upon the discharge of his duties under the contract, it might not be a valid and binding contract. That question does not arise in this case for the reason that the trustees did not at the time they first made the appointment make it in writing. It is contended, however, that inasmuch as the trustees subsequently on the 22nd day of August, entered into a written contract upon the form prescribed by the state superintendent, the board of education is bound, and this might be true were it not for the fact that prior to that time the board of education, as it had a right to do under the law, took over the control of the graded school at New Haven from the trustees, and relieved the trustees from further responsibilities or duties in connection therewith. After the first of August the trustees of this sub-district had no authority to employ teachers for the New Haven school if the action of the board of education in withdrawing the control of the school from the trustees was valid. It is contended, however, that this action was not valid because it is shown that it was at a special meeting of the board, and it does not appear that notice of this meeting specifying the purposes thereof was given to all of the members. It is true the minutes of this meeting show that it was a special meeting. Whether the minutes show that notice of this meeting was given to all of the members we do not know. The minutes do show, however, that all of the members of the board of education were present at the meeting. It is true, it has been held that in order to make the

action of a county court valid when the same is at a ·special meeting of the court, the record must show that notice thereof was posted as required by law, and that the purpose of the meeting was set out in the notice. It is clear from that statute that the notice is given for the benefit of the public, and it is equally as clear that the notice prescribed for the members of a board of education of a special meeting of the board is for the benefit of the members. Where the notice is required for the benefit of those having business to transact with the board or tribunal, it may be said that the minutes of the meeting must show that such notice was posted as the law requires; but where, as in the case of special meetings of the board of education, the only purpose of the notice is that the members of the board may be informed of such meeting, and the purpose of it, it is dispensed with by the presence of all members at the meeting. Their presence. is proof that they had notice of the meeting. *Lee* v. *Mitchell,* (Ark.) 156 S. W. 450. ·

Again, it is contended that it does not appear that the board of education ever established the New Haven school as a graded school. It may be said that it clearly appears from the record in this case that the board of education of this district treated this school as a graded school not only for that year, but for some years before that. Whether any formal order had ever been entered upon the record showing that it was a graded school does not appear. The superintendent testifies that it was a graded school. The contract which the plaintiff made with the trustees shows that she treated it as a graded school, because she contracted to teach the primary grade. It is shown that it was a school of two or more rooms in which the pupils were graded in· accordance with their intellectual attainments, and it may be said that where physical facts exist which are necessary to make a graded school under the provisions of law, and the school authorities treat such a school as a graded school, it will be considered as such whether any formal order was ever entered establishing it as a graded school or not. We conclude, therefore, that the order of the board of education made on the first day of August was a valid and binding order, and

deprived the trustees of authority to appoint teachers for the New Haven school. The trustees, however, say that they had no notice that this order had been made at the time they entered into the contract in writing with the plaintiff, and the plaintiff says likewise that she had no notice of the entry of such order. Can this make any difference? In this case the plaintiff, it must be borne in mind, had no completed contract on the first of August. An essential thing had to be done in order to complete the contract, that is, it had to be in writing on the form prescribed by the state superintendent of schools. This was done on the 22nd day of August, but at that time the trustees had no power to make any contract with her. They had been relieved of all charge of the New Haven school. It may be true that she believed they had this right, and they may also have believed that they were authorized to contract with the plaintiff, but this can make no difference. One dealing with a public officer must know that such officer has authority to do the thing he undertakes to do at the time he does it. One dealing with a public officer without full knowledge of the extent of his authority does so at his peril. The public will be bound only to the extent that such officer has authority, no matter what his assumed or apparent authority may be. This doctrine seems to be fully supported by the authorities. 29 Cyc. 1431; *Whiteside* v. *The United States*, 93 U. S. 247; *Woodward* v. *Campbell, Commissioner,* 39 Ark. 580; *Schaw* v. *Dietrichs* (Ind.) 1 Wilson 153; *New York & Charleston Steamship Co.* v. *Harbison,* 16 Fed. 688; *Mitchell* v. *Board of County Commissioners,* 24 Minn. 459; *State ex rel Blakeman* v. *Hays,* 52 Mo. 578; *Lamar Township* v. *City of Lamar,* 261 Mo. 171; *Delafield* v. *The State of Illinois,* 26 Wend. 192; *Montgomery, Sheriff,* v. *Ins. Co.* (Miss.) 71 So. 162. We are of the opinion that the trustees of this sub-district had no authority to execute any writing appointing a teacher after the first of August, and that their action in doing so on the 22nd of August was absolutely void and conferred no rights upon the plaintiff. This conclusion renders unnecessary the consideration of many other questions discussed by counsel, including the propriety of the instructions which were given and

refused. The motion of the defendant to direct a verdict in its favor should have been sustained.

We, therefore, reverse the judgment of the circuit court of Mason county, set aside the verdict of the jury and remand the cause for a new trial.

*Reversed and remanded.*