# CHARLESTON.

A. F. WYSONG v. BOARD OF EDUCATION OF TOWN DISTRICT.

Submitted March 16, 1920.   Decided March 23, 1920.

1   SCHOOLS AND SCHOOL DISTRICTS—*Contract Without Funds not Void if Tax Levy Provided for; Plea not Negativing Such Provision Bad.*

A contract by a board of education is not, by virtue of section 25 of chapter 45 of the Code, void and unenforcible because such board may not have the money actually in the treasury with which to perform the contract on its part, if provision therefor has been made by levy of taxes, or bonds authorized though not actually sold, and a plea which does not negative such provision is bad and should be rejected.   (p. 60.)

2.   SAME—*When Contract by Board of Education Employing Architect is not Wholly Void.*

A contract with such board of education employing an architect to make plans and specifications for a school building, and after the construction thereof is let to contract, to superintend the construction thereof, is not wholly void, though that part of the contract providing for supervision of construction may involve the expenditure of money not so provided for, unless it appears that such board did not at the time of entering into such contract have the funds in hand or provided for to pay the architect for the value of his services for making the plans, and a plea not negativing such provision is bad and should be rejected.   (p. 60.)

86 W. Va.

3. Same—*Failure to Give Notice of Meeting of Board Does not Invalidate Contract if All Members Present.*

The fact that notice to the members of the meeting of the board at which such contract was entered into was not given, will not affect the validity of such contract if all the members were actually present and participated in the meeting, and a plea of such want of notice which does not allege that at least one of the members of the board was not present should be rejected. (p. 61).

4. Evidence—*Oral Testimony as to Understanding of Members of School Board not Admissible to Vary Written Contract.*

The fact that some or all of the members of the board may have understood among themselves that the contract with such architect for plans and specifications was to be contingent on the actual sale of bonds authorized, not covered by the contract, will not affect the contract as written or shown by the minutes of the board awarding the contract. The written evidence of such contract can not be changed or varied by oral testimony of such members of their understanding of the contract. (p. 61).

5. Schools and School Districts—*Right to Recover for Part Performance When Full Performance Prevented by Causes Beyond Parties' Control.*

But where such contract is lawful at the time it is entered into, but the full performance thereof by the parties is rendered impossible by some supervening act beyond their control, and the architect has performed the services of making the plans and specifications and is prevented, because of such intervening cause, from performing the whole contract, he will be entitled, in an action for a breach thereof, to recover the value of his services for the part of the contract actually performed by him, upon the principles enunciated in *Atlantic Bitulithic Company* v. *Town of Edgewood*, 76 W. Va. 630, and *Bell* v. *Kanawha Traction & Electric Company*, 83 W. Va. 640. (p. 62).

Error to Circuit Court, Raleigh County.

Action by A. F. Wysong against the Board of Education of Town District. Directed verdict for defendant, motion for new trial denied, and judgment nil capiat on the verdict, and plaintiff brings error.

*Reversed, verdict set aside, and new trial awarded.*

*Jno. Q. Hutchinson, C. O. Dunn* and *Hartley Sanders,* for plaintiff in error.

*M. L. Painter, J. W. Maxwell and Ashworth & Ashworth,* for defendant in error.

MILLER, JUDGE:

The contract sued on, as averred in the special count relied on, was that in consideration of the undertaking, promise and agreement of the plaintiff with defendant to prepare the architect's plans, drawings and specifications for a high school building to be erected by the defendant in the city of Beckley, and to supervise the erection and construction of said building for the defendant, the defendant on its part undertoook, promised and agreed to and with the plaintiff that it, the said defendant, would pay as compensation for the plans, drawings and specifications when prepared by him as the architect, and for the supervision by him of the erection of the said building, a sum equal to five percentum of the estimated contract price of said building, which the declaration averred was the sum of $30,000.00.

And it is averred that pursuant to the contract plaintiff began and prosecuted the making of the plans, drawings and specifications for said building so to be erected by defendant, but that defendant not regarding its said promise, undertaking and agreement, would not and did not accept the plans, drawings and specifications for said building made and prepared by plaintiff, and would not and did not allow him to supervise the erection and construction thereof, but on the contrary and without the knowledge or consent of plaintiff entered into a new contract with another architect therefor, to the damage of plaintiff $2,000.00, wherefore he sues, etc.

The declaration contains the usual common counts in assumpsit also, but plaintiff relied on the special count. The defendant in addition to its general plea was allowed to file two special pleas, number 1 and number 2, which were objected to, and exceptions to the rulings of the court thereon saved to the plaintiff.

On the trial, after both parties had introduced their evidence, the court on defendant's motion instructed the jury to return a verdict for defendant, which was done. Plaintiff moved for a

new trial, which was denied him, and the judgment on the verdict was nil capiat.

The questions first presented by the assignments of error relate to the sufficiency of defendant's special pleas. The first averred that defendant had no authority to make or execute the supposed contract sued on, because defendant was advised and alleged the fact to be that the same would have involved the expenditure of money in excess of the funds then and there legally at the disposal of defendant. The second averred that defendant at the time of entering into the supposed contract with plaintiff was not convened after due and lawful notice or in regular meeting as prescribed by law, wherefore the contract was void.

The first plea is predicated on section 25 of chapter 45 of the Code, which makes it unlawful for such board to make any contract, express or implied, the performance of which, in whole or in part, would involve the expenditure of money in excess of funds legally at the disposal of such tribunal, and imposes a penalty upon any officer violating said act. But the statute nowhere says that such contract shall be void and unenforcible. Under and by the very terms of the act officers violating the statute are rendered liable jointly and severally to the state, county or municipality and to any person injured thereby. The plea enlarges on the statute. The statute says, "legally at the disposal of such tribunal"; the plea says, "then and there legally at the disposal of this defendant". The plea implies, if it does not specifically say, that the money must be already in hand. In *Atlantic Bitulithic Company* v. *Town of Edgewood*, 76 W. Va. 630, construing this statute, it was held that a contract depending on funds to be derived from the sale of bonds would not be inhibited or rendered void because the bonds authorized therefor have not at the date of the contract been actually sold and the proceeds thereof deposited in the treasury. So we think this plea is defective in the particular that it contains no averment showing that the funds necessary had not been provided for by bonds or otherwise to enable defendant to fulfill the contract.

Another ground which we think renders the plea defective in law is that as the contract pleaded provides for the making of plans and specifications, which would necessarily have to be

provided before the letting of the contract for the building, it is not averred that defendant did not have at its disposal when making the contract funds with which to pay plaintiff for these plans, nor in fact is it averred that it did not have sufficient funds to pay plaintiff for superintending the construction of the building. To this objection it is replied that the contract is one of entirety, and the price not apportionable, wherefore the contract is void and unenforcible. But is the plaintiff on this account to be denied the value of his services for the part of the contract performed and which the defendant had the right and authority to make, so far as anything is averred in the plea, because of lack of funds or provision therefor to let the contract for the building? In *Atlantic Bitulithic Company* v. *Edgewood, supra,* we decided on the facts there presented that plaintiff might recover on the contract the price stipulated not in excess of the funds provided for. On the principle of that case if plaintiff can establish the value of his services for the work done, why is he not entitled to recover *pro tanto?* We think he may do so, unless it is impracticable under the rules governing such contracts to measure his damages. He is not suing for his services for the whole contract but for damages for its breach by the defendant. As the contract imposed two obligations on the plaintiff, one the making of plans and specifications, the other for superintending the construction of the building, as to the first of which, for anything averred in the plea, defendant might lawfully have contracted, but for the second of which it may have been prohibited by the statute, the plea should have averred want of funds sufficient to discharge that part of the contract, which it had the right to make. 2 Page on Contracts, §1036; 1 Elliott on Contracts, §249.

The second plea, we think, is bad and should have been rejected. The fact that defendant was not convened after due and lawful notice or in regular meeting as provided by law, is not material, if as a matter of fact all the members were actually present and participated in the meeting, a fact not negatived in the plea. *Capehart* v. *Board of Education,* 82 W. Va. 217; *Ward* v. *Board of Education,* 80 W. Va. 541; *City of Benwood* v. *Wheeling Railway Company,* 53 W. Va. 465.

On the trial plaintiff undertook to prove his contract by the

record of the resolution of the board of education employing him to furnish the draft of the plans, inspect the materials, and to superintend the erection and construction of said building, for the consideration of five percent of the contract price as might be thereafter awarded by defendant. This in substance was the full record and constituted the only written evidence of the contract. The court over the objection of plaintiff permitted defendant to prove by Martin and others, members of the board of education, that there was some understanding among them, not that plaintiff agreed thereto, that his employment and pay for his services were contingent on the final sale of the bonds of said district, the issuance of which had been submitted to the people of the district and ratified, and which had been offered for sale and a bid therefor accepted, but which the bidder had refused to take because of some supposed defect in the record. We think this evidence to vary the terms of the contract was inadmissible and should have been excluded on the familiar principle that oral testimony is not admissible to contradict or vary the terms of a written contract.

The last point of error assigned which we need to consider, is that the court erred in directing a verdict for defendant. This action of the court was evidently based on the supposed invalidity of the contract because of the matter set up in the pleas, or the supposed inclusion in the contract that the plaintiff's employment should be contingent on the actual sale of the bonds. The fact that the members of the board of education may have understood that plaintiff's contract was to be contingent on the sale of the bonds, the plaintiff being in no way involved therein and ignorant thereof, being a unilateral mistake, can not be interposed as a defense to the contract. 6 R. C. L. 620-623.

Can the ruling of the court in directing a verdict be justified on the ground that the contract price was not apportionable? The evidence shows that at the time of the contract the bonds authorized had been offered and the bid of a purchaser accepted, and no doubt both parties believed the money would soon be in hand to cover the contract price. In *Atlantic Bithulithic Company* v. *Edgewood, supra,* as already noted, we decided that a contract made by a municipal corporation in anticipation of funds from the sale of bonds under such conditions is not void

simply because the money is not actually in the treasury at the time of the contract. In *Bell* v. *Kanawha Traction & Electric Company,* 83 W. Va. 640, we decided that where a contract is lawful at the time it is entered into but before performance is rendered impossible by legislative act or some other supervening cause over which the parties have no control, they will be excused from further performance; but that where one party has paid the full consideration for the contract, in accordance with its terms, and the other party has not performed, or only partly performed, the party who paid the consideration in full is entitled to recover back the consideration paid by him, or its value, in *toto* or *pro tanto,* as the failure to perform by the other party is total or only partial. The contract there involved was a deed for a right of way in consideration of free passes for the grantor and his family during their lives. State and federal statutes subsequently passed rendered performance by the grantee impossible. The question presented was whether the railroad company, from whom the right of way granted could not be recovered, was liable to the grantor in damages. The holding was that the plaintiff was entitled to recover from defendant the value of the unperformed services. In 2 Page on Contracts, §1035, it is said: "If A makes a promise to B, consisting of two or more covenants upon valuable and legal consideration, and one of the covenants made by A is void by reason of its subject-matter, but not illegal, then the legal covenant can be enforced whether the contract is severable or inseverable."

The principles upon which the decisions in *Atlantic Bitulithic Company* v. *Edgewood,* and *Bell* v. *Traction Company* were made to turn, we think, are applicable and controlling here and justify a recovery by plaintiff of the value of his services, for the part of the contract performed, in the nature of a quantum meruit, unless defendant was without funds in hand or provided for by levy or otherwise sufficient to pay therefor. There is not a particle of evidence in the record showing such lack of funds as would render the contract unenforcible. Such being the state of the record it was error on the part of the court to take the case from the jury by directing a verdict.

For the errors committed on the trial, pointed out herein, the

judgment will be reversed, the verdict set aside and the plaintiff awarded a new trial.

*Reversed, verdict set aside, new trial awarded.*