# CHARLESTON.

H. C. DAUGHERTY v. BOARD OF EDUCATION, ETC.

Submitted April 27, 1920.    Decided May 18, 1920.

1.  SCHOOLS AND SCHOOL DISTRICTS—*Contract by Two Members of Board of Education Without Notice, to Third not Enforceable; "Official Act."*

    An agreement made between two members of a board of education and a third party, at a meeting at which the third member of said board is not present and of which he has no notice, is not an official act and is unenforcible against such board. (p. 524).

86 W. Va.

2. SAME—*No Implied Promise can be Imputed to a Board of Education.*

In view of sec. 32, ch. 45, Code, prescribing the only manner in which boards of education may transact official business, no implied promise can be imputed to them. (p. 524).

3. OFFICERS—*One Dealing With Official Body Must Take Knowledge of its Authority.*

One dealing with an officer or official body is bound to take knowledge of his or its authority. (p. 525).

(LYNCH, JUDGE, absent).

Error to Circuit Court, Barbour County.

Action before a justice of the peace by H. C. Daugherty against the Board of Education of Philippi District. Trial in circuit court and judgment for defendant, and plaintiff brings error.

*Affirmed.*

*Murphy & Brandon* and *Wm. T. George,* for plaintiff in error.

*W. Bruce Talbott* and *J. Blackburn Ware,* for defendant in error.

WILLIAMS, PRESIDENT:

To a judgment in favor of defendant, the Board of Education of Philippi District, plaintiff was awarded this writ of error. The action was begun before a justice of the peace and tried in the circuit court. Plaintiff sued to recover for extra costs of building a school house, claimed to have been caused by a change of the school house site, after the contract was made between plaintiff and the board to build the school house on another location for a fixed price of $1095.00. The contract contemplated building on the site of an old school house, and after the contract was signed by plaintiff and the president of the board of education, and after plaintiff had assembled some of the material on the ground, and had begun work upon the foundation at the old site, two members of the board met with plaintiff on the ground and told him they had decided to build on another lot about one mile and a half distant from the old site. The president of the board was one of the two who then

met with plaintiff, and plaintiff testified that they agreed to pay him, in addition to the contract price, the extra cost to him occasioned by making the change in location but admits no specific sum was then agreed upon. Only two members of the board were present and there is no evidence that the third member had notice of the time and place of that meeting. Mr. A. G. Shaffer, president of the board and one of the two who were present, testifies that the only change made in the written contract was the interlineation in it of the words "on new lot purchased from E. R. Dyer", to which alteration, he says, plaintiff agreed, and then promised that, as soon as he went home, he would insert the same interlineation in his copy of it, the contract being executed in duplicate and each party being provided with a copy. The record kept by the secretary of the board contains no minutes of this meeting nor of any change made in the written agreement. It is contended by defendant there was no legal meeting, and the board is not bound by any such agreement alleged to have been made between plaintiff and the two of its members. However, plaintiff completed the building on the new location and the board paid him the contract price and $87.50 in addition thereto. But plaintiff claims there is $100.46 yet due him and brought this suit to recover that amount. Plaintiff's account or bill of particulars filed shows he claimed $187.96 on account of extra expense to him caused by the change and the board allowed and paid him $87.50 of this claim, which he admits, but there is no record of this allowance on the secretary's book. It appears that the $87.50, which the board paid, is made up of three items, to wit: $27.50 for hauling stone, $36.50 difference in amount of stone required, and $23.50 for hauling lumber. These items appear on plaintiff's account. The balance of plaintiff's account, $100.46, is made up of such items as, extra cost for painting $20.00, extra cost because of difference in character of ground in the two locations $35.00, the new site being rougher and steeper, and twelve days lost on account of the change $36.00, and other minor changes.

It is contended that the original contract was not regular. While this is not material, in our view of the case, the original

or written contract being completely performed by both parties to it, still we think it was regular and lawful. All three members of the board were present at the letting of the contract, and although the written contract was not signed by the president at that time, there is no contention that it is not the best evidence of the contract made at the letting by all three members of the board. The president's signing thereafter was only evidence of what was previously done and agreed to at a regular meeting. It was not necessary that all should be present when he signed it. But no such regularity appears with reference to the second meeting when the change in location is alleged to have been made. Only two members were then present, and there is no evidence that notice of the meeting had been given to the absent members. This attempted meeting was therefore not a legal meeting according to the provisions of section 32, ch. 45, Barnes' Code, 1918, and anything attempted to be transacted there by the two members would not be binding on the board. *Ward* v. *Board of Education,* 80 W. Va. 541; *Capehart* v. *Board of Education,* 82 W. Va. 217. It being an official body, plaintiff was bound to take knowledge of its authority or lack of authority to act in the premises, and any attempted agreement between plaintiff and the two members was null and void. *Cunningham* v. *Board of Education,* 53 W. Va. 318. The principle applied in *Cade* v. *City of Belington,* 82 W. Va. 613, and cases of purely private corporations, cited and relied on in brief of counsel for plaintiff is inapplicable here. The official actions of boards of education are regulated by statute, and binding promises by them can only be made in the manner therein provided. Hence there can be no such thing as an implied contract by a board of education. There was no error in striking out plaintiff's evidence and directing a verdict for defendant and we affirm the judgment.

*Affirmed.*