# CHARLESTON.

STATE *ex rel.* IRA E. MUNCEY, *Petitioner v.* BOARD OF EDUCATION SANDY RIVER DISTRICT *et als., Respondents*

(No. 6701)

Submitted January 8, 1930. Decided January 28, 1930.

*M. S. Taylor,* for relator.
*Hoagland French,* for respondents.

LITZ, JUDGE:

The petitioner, Ira E. Muncey, seeks a peremptory writ of mandamus, directing the respondents, H. M. Harman, president, and Jeff Lockhart and H. S. Short, commissioners, of the board of education of Sandy River District, McDowell county, to recognize his employment as assistant district supervisor, attendance officer and custodian of school property of said district, from July 1, 1929, to July 1, 1930, at a salary of $175.00 per month, under a written contract entered into between him and said board, January 26, 1929; and to issue to petitioner warrants in payment of services rendered by him under said contract for July, August, September, October and November, 1929. H. S. Short and A. R. Kennedy, members of the board as then constituted, signed the contract and voted to employ the petitioner while the other member, H. M. Harman, voted against the employment of petitioner and refused to sign the contract. The respondent, Jeff Lockhart, who succeeded Kennedy, July 1, 1929, as a member of the board, joined with Harman in refusing to recognize the employment of the petitioner. The return of the respondents,

H. M. Harman and Jeff Lockhart, deny the validity of the contract and that petitioner has performed services under it.

Section 53, Chaper 45, Code, provides that a board of education may at its discretion appoint one school trustee for each of the sub-districts, or for any one or more sub-districts, to be custodian of school property therein, and that a trustee required to perform any labor by orders of the board shall be allowed a reasonable compensation for the time actually and necessarily spent at such labor. Section 56 gives the board authority to appoint a district supervisor at a monthly salary, and, *subject to the written approval of the county superintendent of schools,* to appoint one or assistant district supervisors in districts in which fifty or more principals and teachers are employed. The board is also authorized by this section to employ *a district supervisor* for as many months longer than the regular school term as may be necessary for him to supervise the construction of new buildings, the repairing of old buildings, the improvement of school grounds and do such other work as may be approved by the board. Section 123 requires the board "at its first meeting or as soon thereafter as practicable" to appoint one or more attendance officers who shall be paid monthly "at such rate per diem for the time actually spent in the performance of his duties as the board shall determine; but in no case shall payment for any month's service be made until the attendance officer has filed with the secretary of the district a sworn statement of the number of truancy cases investigated and the time actually spent in performing such duties."

The "first meeting" of the board is defined in section 45 as the first Monday in July. The written approval of the county superintendent of schools to the employment of the petitioner as assistant supervisor was never issued. The new board at its first meeting on the first Monday in July refused to recognize the contract of employment between the old board and the petitioner, and employed Troy B. Wilmoth as district supervisor and attendance officer; and has never since that time recognized the employment of petitioner in any

508

capacity under the contract. There is no proof that petitioner has performed any labor as custodian of property by orders of the board.

Applying the law to the facts, can the petitioner enforce the contract in any capacity of employment?

As the written approval of the county superintendent of schools to the employment of petitioner as assistant supervisor was never issued, his employment in that capacity is illegal. The requirement of the statute is a safeguard that must be observed. *Capehart* v. *Board of Education.* 82 W. Va. 217.

The employment of petitioner as attendance officer prior to the beginning of the school year was unauthorized. The statute requires the board to appoint one or more attendance officers at its first meeting during the current school year or as soon thereafter as practicable. *Campe* v. *Board of Education,* 94 W. Va. 408, and *Ramsey* v. *Board of Education, Id.* 414, relied on by petitioner, are inapplicable. In the first case it was held that the employment of a teacher before July for the ensuing school year was valid, and in the second case there was a similar holding as to the employment of a district supervisor before July for the ensuing school year. The decision in each case was based upon section 57, which authorizes the employment of a teacher on *or before* the first Monday in July in each year. Under section 1, "teacher" as used in the Act also means "supervisor".

The peremptory writ is, therefore, denied.

*Writ denied.*