L. M. HOLTON *v.* BOARD OF EDUCATION OF GUYAN VALLEY HIGH SCHOOL

(No. 7394)

Submitted April 18, 1933. Decided April 25, 1933.

*D. E. Wilkinson* and *Jacob D. Smith,* for plaintiff in error. *R. W. Morris, Daugherty & Daugherty, O. J. Deegan,* and *Connor Hall,* for defendant in error.

WOODS, JUDGE:

This is a notice of motion to recover salary for the school year 1931-32, under a contract bearing date June 30, 1931, and executed on behalf of the board of education of Guyan Valley High School, by its president and secretary, pursuant to supposed authority conferred at an alleged special meeting held on the date aforesaid. The board prosecutes error from an adverse judgment.

One of the several pleas filed on behalf of the board denied the legality of the meeting of June 30, 1931. On this issue it appears that one McCoy, who was not present at the meeting, had no notice, other than that Mr. Daugherty had told him that a meeting would be held. Daugherty was neither the secretary nor a member of the board. And no attempt was made on the part of plaintiff to show Daugherty's author-

ity, although it was argued before this Court that he had acted as agent for the president in calling the meeting. To support such contention reference was made to a paper which was addressed to, and requested the attendance of, the then secretary. The last paragraph thereof directed the addressee to "notify Patton, your brother, to go and get Mr. Farley as per understanding on his contract and any other members necessary." This purported call, which was found among the records of the board by the present secretary, was signed, "M. C. Farley, President, by T. G. Daugherty." Clerk Lucas was not sure whether he had received a notice signed by either the president or two members of the board of the meeting. Nor did any of the members testify that they had received such notice of the meeting. Even the minutes of June 30, 1931, fail to so state.

According to the statute creating the board, either the president, or any two of the other eight members of the board, may call a special meeting, if such is deemed necessary, for the transaction of any general or special business, "of which meeting notice shall be given to each member of the board." Acts 1929, chap. 92, sec. 2. And, by virtue of section 13 thereof, the general school law (Code 1931, chapter 18) is applicable when not in conflict nor contrary to the provisions of the foregoing act. Section 4, article 5 of the general school law provides, among other things, that "no business shall be transacted at any call meeting except such as may be designated in the call therefor, of which all the members have had notice." Under similar provisions this Court has held repeatedly that a meeting of two members of a board of education, at a time and place of which no notice was given to the other member of the board, and at which he was not present, is not a legal meeting, and any attempted official act thereat is null and void. *Cunningham* v. *Board,* 53 W. Va. 318, 44 S. E. 129; *Daugherty* v. *Board,* 86 W. Va. 522, 103 S. E. 406; *Honaker* v. *Board,* 42 W. Va. 170, 24 S. E. 544.

Was notice by Daugherty notice within the statutory meaning? The law indulges no presumption that any agency exists. And especially would it be true in reference to public corporations, as here. In order to show authority more must appear than the purported call hereinbefore referred to in

592

which the president's name was admittedly signed by T. G. Daugherty.

It is urged on behalf of plaintiff that should the meeting of June 30th be held of no effect Holton was entitled to recover to the extent of $160.00 per month as per a former action of the board. The only evidence of such action is the statement in the minute of June 30th to the effect that Holton's salary be raised from $160.00 to $185.00 per month. The secretary testified that he was unable to find any minute in the book authorizing the president and secretary to sign a contract with plaintiff for said amount. The notice of motion was not based on the existence of a former contract. We see no merit in the contention.

Because of the failure to show legal notice as to all members of the board, we must reverse the judgment of the circuit court, and remand the case for a new trial.

*Reversed; verdict set aside; new trial awarded.*