ROBERT L. BLAND, Judge,
upon petition for rehearing.
After these claims had been denied and dismissed by majority members, and the filing of a dissenting opinion by the presiding judge, claimants presented their petition praying for a rehearing of the claims. Although this petition tendered nothing more than slight ground for such rehearing, it was nevertheless, granted. And now after careful reexamination of the original record and due consideration of the record upon rehearing majority members of the court find themselves unable to recommend to the Legislature the payment of the claims involved in these cases.
As shown in the original majority opinion the claims are prosecuted upon the theory that the lumber for which claimants seek awards was purchased by the state of West Virginia by and through its agent, T. S. Ray. Upon the original hearing and upon the rehearing the state contested the right of claimants to awards. We fail to perceive where the state at any time recognized the alleged agency of Ray. The claims have at all times been contested. We are unable to find anything in the original record or the record on rehearing even tending to establish that Ray was agent of the state vested with power and authority to purchase the lumber for which these claims are made. The evidence does show very clearly, however, that N. Kinniston had orders from the state for lumber to be supplied by her. It further shows that she was paid for lumber which in every respect corresponded with the lumber which claimants say was purchased by Ray.
J. M. Lorentz who, at the time the lumber was furnished for which claimants seek payment, was county maintenance superintendent for Clay county, West Virginia, was introduced as a witness on behalf of claimants. He stated that T. S'. Ray *189 was acting superintendent of the prison labor operating in Clay county. When asked if he knew anything about Ray having purchased timber he answered in the affirmative; and when requested to tell what he knew about the G. S. Johnson lumber, answered: “Well, Mr. Johnson had an order from — I presume it was from N. Kinniston, but I think Mr. Ray looked after Miss Kinniston’s business, seemed to at least. . . .” Johnson was the assignor of Sizemore Brothers.
Claimant Morton said that N. Kinniston was present with Ray when he cotracted for the rale of his lumber. She and Ray discussed with him the bill of lumber which they desired him to cut. She and Ray together were buying his lumber. Transcript, pagesi 11 and 12. Ray made two payments- on account of the purchase, one of $50.00 and the other of $100.00, each by his personal check. The road commission at no time recognized any obligation on its part to pay for any part of the lumber embraced in these claims to any person other than N. Kinniston. The conviction is inescapable that it was she who purchased the lumber for which these awards are now asked to be made. Subsequently she and Ray intermarried. At last account he was in Siberia and she had but recently removed from Louisville, Kentucky, for parts unknown.
The record wholly fails to establish the agency of Ray. to purchase lumber and bind the state for its payment. At most he was but an employe or servant of the state. His duties were those incident to the position of acting superintendent of prison labor. Nowhere in the record does it appear that he had power or authority to buy lumber for the road commission.
“Acts of a private agent may bind the principal where they are within the apparent scope of his authority; but not so with a public officer, as the State is bound only by authority actually vested in the officer, and his powers are limited and defined by its law.” State v. Chilton, 49 W. Va. 453.
*190 In the same case it is held:
“A state is not bound by the unauthorized acts of public officers. Their misconduct is no' estoppel against the state.”
How, therefore, could a mere employee or servant of the state bind it for the payment of these claims? In the case of Daugherty v. Board of Education, 86 W. Va. 522, it is held:
“One dealing with an officer or official body is bound to take knowledge of his or its authority.”
The orders heretofore entered in these cases denying awards and dismissing the claims are now ratified and confirmed by majority members of the court.