[L. A. No. 9682. In Bank.—April 1, 1930.]

ALBERT VAIL, as Administrator, etc., Appellant, v. G. H. JONES et al., Respondents.

Crouch & Sanders and George W. Crouch for Appellant.

Herbert C. Kelly for Respondents.

LANGDON, J.—Plaintiff brought an action to vacate a prior judgment against his intestate and to quiet title. He alleged his appointment and qualification as administrator; that on July 10, 1923, and subsequent thereto and until the

time of her death, Annie H. Vail was the owner in fee and in the possession of certain described property in the county of San Diego, California; that on said day the defendant Jones commenced an action against the said Annie H. Vail wherein and whereby he alleged that he was the owner of, was in the possession of and was entitled to the possession of said real property and that said Annie H. Vail had no right, title or interest therein, and asked that it be so decreed; that Jones was never the owner of said property nor any portion thereof and was never in the possession or entitled to the possession of any part thereof; that a summons was duly issued in said action on July 10, 1923, and on the twenty-seventh day of August, 1923, the same was returned to the clerk of said court with an affidavit thereon of one A. A. Crosbie wherein he deposed and said that he had served the said Annie H. Vail with said summons and complaint on July 25, 1923, by delivering and leaving with her personally, in the county of Kern, state of California, a copy of said summons attached to a copy of the complaint; that in truth and in fact, the said A. A. Crosbie did not serve the said Annie H. Vail with the said summons, or with a copy thereof, or with the said complaint or with a copy thereof, on the said twenty-fifth day of July, 1923, or at any other time, nor was the said Annie H. Vail ever served with the said summons or with the said complaint by any other person or in any other manner and at the time of her death, she did not have, nor at any time prior thereto did she have, any notice of or knowledge of, the commencement of the said action or of any of the other proceedings thereafter therein had and taken.

It is then alleged that in the said action the default of defendant Annie H. Vail was entered and thereafter C. H. Jones, the plaintiff, was adjudged and decreed to be the owner, in possession and entitled to the possession of all of the said real property and that the said Annie H. Vail had no right, title or interest in the same.

In the second cause of action, plaintiff claims Annie H. Vail to have been the owner of the property at the time of her death; that the defendants claim some interest in the same, which claim is without right, and it is prayed

that the judgment and decree before mentioned against Annie H. Vail be vacated, annulled and set aside and that claims of the heirs at law of Annie H. Vail be quieted against the claims of the defendants.

The defendant Jones denied the allegations of the complaint with reference to the title of Annie H. Vail and also denied that he was never the owner nor entitled to the possession nor in the possession of the property in question. He denied, on information and belief, that Annie H. Vail had not been personally served with summons, and alleged that she had, at all times, full knowledge and notice of the pendency of said action and of all proceedings therein had and taken.

A second defense was that the claim of plaintiffs was barred by various sections of the Code of Civil Procedure. The third and fourth defenses and the cross-complaint set out in detail the facts and circumstances alleged to have occurred with reference to the transaction between the parties whereby the defendant Jones claims to have acquired title to the property, consisting of a tax sale at which Jones was the purchaser and many other matters, which will appear, in so far as they are material to our inquiry, in the findings hereinafter mentioned.

The trial court went extensively into the evidence for days, and found, among other things: "That it is not true that Annie H. Vail was the owner in fee of or in the possession of, or entitled to the possession of the property described in the complaint or any portion thereof on July 10, 1923, or at any other time subsequent thereto. That it is not true that defendant Jones was never the owner of said property and it is not true that said defendant Jones was never in the possession of said property, and it is not true that said Jones was never entitled to the possession of said property, and on the contrary, the court finds that said Jones was, on the 10th day of July, 1923, and at all times since July 10, 1923, had been and now is the owner in possession and entitled to the possession of all the property described in the complaint."

With reference to the service of summons in the quiet-title action in which Jones was plaintiff, the court found: "That in truth and in fact the said A. A. Crosbie did not

serve the said Annie H. Vail with the said summons or with a copy thereof or with the complaint or with a copy thereof on the 25th day of July, 1923, or at any other time; that it is not true that the said Annie H. Vail was never served with the said summons or with the said complaint by any other person, or in any other manner; that it is not true that at the time of her death she did not have notice and knowledge of the commencement of said action or of any of the other proceedings thereafter therein had and taken; that it is not true that said Annie H. Vail did not, prior to the time of her death, have notice of or knowledge of the commencement of said action, or of any and all of the proceedings in said action taken and had. The court finds that said Annie H. Vail was in fact served with summons attached to a copy of the complaint in said action and the court further finds that said Annie H. Vail did in fact have notice of and full knowledge of the commencement of the said action and of any and all proceedings thereafter therein had and taken.''

The court then finds the facts with reference to the levy of taxes upon the property, delinquency, sale and purchase by Jones and other matters unnecessary to this decision, but all of which establish equities strongly in favor of Jones.

The decree was that plaintiff take nothing and that defendant Jones was at the time of the commencement of the action and now is the owner in possession and entitled to the possession of all the property described in the complaint.

Although A. A. Crosbie, marshal at Taft, where Annie H. Vail resided, contradicted his official record of service upon Annie H. Vail, by his testimony that he had handed copies of the summons and complaint, not to Annie H. Vail, but to Caroline Vail, her daughter, for the mother, and the court found in accordance with such testimony that Annie H. Vail had not been served with summons by said Crosbie, the court, nevertheless, found that ''Annie H. Vail was in fact served with the summons attached to a complaint in said action.''

This finding is supported by permissible inferences from the following facts: Disinterested witnesses testified of calling at the home of the Vail family, where Mrs. Annie H,

Vail, her son and daughter lived, and of discussing with all three of them the action to quiet title and the prior tax sale upon which it was founded; that all three knew of the actions and about the service of summons. It seems pertinent to add that this testimony of disinterested witnesses is directly contradictory of the testimony of the daughter, an interested witness, that the mother never knew about the action to quiet title brought by Jones. The daughter also testified that when the summons and complaint were handed to her, her mother was in the house with her. The house was a small four-room house. The daughter did not remember whether the door was open between the room where her mother was sitting and the room where the papers were delivered by Crosbie. She also stated that her mother depended upon her for everything, and that she, the daughter, attended to all the mother's business matters at all times.

There are also presumptions of service arising from the recitals of the judgment in the quiet-title action, wherein it was recited that Mrs. Annie H. Vail had been duly, regularly and personally served with process therein.

In the face of all these facts and circumstances, inferences and presumptions, and the clear equities of the case, the trial court correctly found that Mrs. Annie Vail had been duly and personally served with process.

It cannot avail appellant that the proof of service made in the quiet-title action differed from the fact of service, and, therefore, it becomes unimportant whether the service was made by Crosbie, as he alleged in his return, or whether it was made by someone else, as would follow from the trial court's finding as to service. Jurisdiction does not depend upon the proof of service, but upon the fact that service has been made. (*Lindley* v. *Lindley*, 49 Cal. App. 631, 633 [194 Pac. 85]; *In re Newman*, 75 Cal. 213 [7 Am. St. Rep. 146, 16 Pac. 887]; *Sichler* v. *Look*, 93 Cal. 600 [29 Pac. 220].)

The foregoing discussion disposes of the important and controlling question involved in the action and on the appeal. Unless this court were to repudiate the finding of the trial court that service of summons and complaint had, in fact, been made upon Annie H. Vail, the judgment must

be affirmed. Under all the facts and circumstances of this case, such action by an appellate court seems unwarranted.

The judgment is affirmed.

Richards, J., Preston, J., Curtis, J., and Seawell, J., concurred.

SHENK, J., Dissenting.—I dissent. It appears beyond controversy that Annie H. Vail, defendant in the former action, was not personally served with summons therein as required by section 411 of the Code of Civil Procedure, nor was service waived. It is not pretended that anyone other than Crosbie attempted to serve the summons, and he failed, as found by the court, to serve it on Annie H. Vail. Furthermore, I think the tax deed, which is the foundation of the defendant's title, is void, as pointed out in the opinion of the District Court of Appeal written by Mr. Justice Houser. The plaintiff offered at the trial to reimburse the defendant on account of any moneys paid out by him in pursuit of the tax title or in or about the property. Because of the lack of jurisdiction on the part of the trial court in the former action and further because of the fatal defects in the tax proceedings relied upon by the defendant, the plaintiff's title should be quieted upon proper reimbursement to the defendant.

Waste, C. J., concurred.

Rehearing denied.

Waste, C. J., and Shenk, J., voted for a rehearing.