[Civ. No. 8121. First Appellate District, Division Two.—March 5, 1932.]

AUDREY STEELE et al., Appellants, v. THE BOARD OF TRUSTEES OF THE PITTSBURG PUBLIC SCHOOLS et al., Respondents.

M. W. Creagh, Jr., for Appellants.

James F. Hoey, District Attorney, for Respondents.

STURTEVANT, J.—Heretofore the petitioners were employed as probationary teachers by the Board of Trustees of the Pittsburg School District. Prior to the tenth day of June, 1931, the clerk of the district deposited in the

mails of the United States written communications directed to the petitioners advising the petitioners that their services would not be needed during the ensuing year. Said letters were actually received by the petitioners prior to the tenth day of June, 1931. Claiming the dismissal to be ineffectual, the petitioners applied for a writ of mandate directing their reinstatement. The defendants answered and the application was presented to the trial court on an agreed statement of facts. The court made findings in favor of the defendants and from the judgment entered on the findings the petitioners have appealed.

In 1929 the provisions regarding schools were taken out of the Political Code and made into the School Code. At that time section 1609, subdivision (i), became sections 5.680–5.682; but the wording was not changed. Both parties in their briefs set forth the history of the statute involved. We have duly considered those parts of both briefs. Moreover, we have made a more extended examination of the same subject. However, we find nothing in the history of the statute that throws any light on its proper construction.

The petitioners contend that the statute is mandatory and not directory. For all of the purposes of this decision that contention may be conceded. The plaintiffs also contend that a party relying on service by mail must show a strict compliance with the requirements of the statute. The same comment may be made. Continuing, the petitioners claim the statute was enacted to protect the teachers. There is nothing on its face to show that fact. The entire school system is provided in the interest of the school children and not otherwise. This particular statute was undoubtedly enacted in the interest of the orderly conduct of the business and therefore in the interest of both the teachers and their employers. The petitioners also contend that the service provided for in the statute is complete at the time a registered letter is deposited in the mail. (School Code, sec. 5.682; *McKeon* v. *Sambrano*, 200 Cal. 739 [255 Pac. 178]; *Traders Credit Corp.* v. *Superior Court*, 111 Cal. App. 663 [296 Pac. 99].) ▮ That contention may also be accepted as settled law, but it would seem to be inapplicable as the petitioners also contend that it is an admitted fact that the notice was not sent by mail in a *registered*

letter and therefore it was not legal. (*Blalock* v. *Ridgway,* 92 Cal. App. 132 [267 Pac. 713].) The defendants reply that that case is not in point because the facts show the notice there in question was not received until June 16th. Continuing they contend there was not in that case any personal service before June 10th and there was no constructive notice because the letter was not registered. But, in the instant case they do not claim they made the service by registered mail, but that they did make, within the time specified in the statute, personal service on the petitioners. They °stress the fact that it is admitted the notice was in due form, that it was in writing, and that it was received in person. They then assert that they made personal service, and that personal service is a complete compliance with the terms of the statute which, among other things, provides: "5.681. On or before the tenth day of June in any year the governing board may give notice in writing to a probationary employee that his services will not be required for the ensuing year. 5.682. Such notice shall be deemed sufficient and complete when delivered in person to such employee by the clerk . . . of the governing board of the school district. . . ." They then assert that the clerk entrusted to the employees of the postal department the act of delivering the notices and that he was not bound to make the delivery in person. In support of the foregoing contentions the defendants cite *Heinlen* v. *Heilbron,* 94 Cal. 636 [30 Pac. 8, 9]. They quote as follows: "The 'delivery' which constitutes a personal service under section 1011 need not be made by the individual who is attempting to make the service, but can be effected through a clerk or messenger, or through any agency by which a 'delivery' can be made, and when the notice is so delivered, the service becomes a personal service. The fact that the person upon whom the service is to be made resides or has his office in a different place from that of the person making the service does not require that the service be made by mail, or preclude a personal service, and the person seeking to make the service can avail himself of any agency, such as Wells, Fargo & Co., or the instrumentality of the post-office department, with as much effect as if he had employed any other messenger. The delivery of the notice through such agency renders the service personal, and the proof of such

delivery establishes a personal service." In a sense the case is not determinative. The court was considering sections 1011 and 1012 of the Code of Civil Procedure. Neither section contains words designating who may serve notices; whereas School Code, section 5.682, does. Nevertheless, that case involved the jurisdiction of the court to hear an appeal in a case involving important property rights. (See *Heinlen* v. *Heilbron*, 97 Cal. 101 [31 Pac. 838].) In *Heinlen* v. *Heilbron*, 94 Cal. 636, at page 641 [30 Pac. 8, 9], the court said: "Jurisdiction, however, as has been frequently held, does not depend upon the proof of service, but upon the fact that service has been made." (See, also, *Morrissey* v. *Gray*, 160 Cal. 390 [117 Pac. 438].) If such be the rule as to such important matters as the service of process, certainly a more stringent rule will not be applied to the service of notices which serve merely to make of record a fact that has already taken place.

■ The clerk of a board of trustees of a school district is an officer. (See School Code, secs. 220–294; *Spreckels* v. *Graham*, 194 Cal. 516, 529 [228 Pac. 1040].) The act of serving a notice is purely ministerial. (*Couthway* v. *Berghaus*, 25 Ala. 393; *Eldridge* v. *Holway*, 18 Ill. 446; 46 C. J. 927.) Whether the clerk is an officer or merely an agent, he has the right to delegate the performance of that ministerial act. (46 C. J. 1033; Civ. Code, sec. 2349.) It follows that the service of the notice met every call of the statute.

■ The petitioners contend that as the statute named the clerk as the person to serve the notice and as the statute is mandatory no one else could legally perform the act. That contention is too narrow even under rules of strict construction. By virtue of article I, section 22, of the Constitution of California, all the provisions of that instrument are mandatory. But no one would contend that the Governor must in person take his messages to the legislature (art. V, sec. 10), or in person take a vetoed bill to the house in which it originated (art. IV, sec. 16). Nor would it be claimed that an owner must in person file a notice of completion or a mechanic must in person file for record his claim of lien (Code Civ. Proc., sec. 1187); nor that the plaintiff must in person file his notice of pendency of action (Code Civ. Proc., sec. 409). But all of these statutes are

to be strictly followed. A more stringent rule was hardly intended to apply to school trustees, the great majority of whom are horny-handed sons of toil.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 4, 1932, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 2, 1932.