[L. A. No. 17244.   In Bank.—February 25, 1941.]

In the Matter of the Guardianship of the Estate of JULIETTE B. ANDREWS, an Incompetent Person.

JULIETTE B. ANDREWS, Appellant, v. JOHN F. ANDREWS et al., Respondents.

Hugh B. Rotchford and Hubert Starr for Appellant.

Wright, Monroe, Harden & Thomas and Clarence Harden for Respondents.

SHENK, J.—The petition of appellant for a hearing in this court after decision by the District Court of Appeal, Second Appellate District, Division One, was granted in order that further consideration might be given to the contentions of the appellant that in the matter of the appointment of a guardian of her estate the provisions of section 1461 of the Probate Code were not sufficiently complied with, and that therefore the trial court was without jurisdiction to make the order appointing the guardian.

The section of the Probate Code referred to provides for the service of the citation upon the alleged incompetent "in the same manner as provided by law for service of summons." The return of the service on file at the time the application was heard showed that the citation had been served on the appellant "by showing the said within original to" appellant "and delivering a true copy thereof to her." On the motion to set aside the order appointing the guardian, Mr. Ferguson, the person who served the citation, testified that he served the citation on appellant by delivering to her a

true copy of the citation and a true copy of the petition for the appointment of a guardian. The court found that the citation had been served as shown by the affidavit of service and as testified by Mr. Ferguson. If we assume that service of a copy of the petition is required by the code section, it must be concluded that the record shows that there was compliance with such requirement.

It is also provided in the code section that the alleged incompetent, "if able to attend, must be produced at the hearing, and if not able to attend by reason of physical disability, such disability must be evidenced by the affidavit and certificate of a duly licensed physician or surgeon." The affidavit of Doctor Diefenbach, presented to the court at the hearing on the application, was sufficient on its face to excuse the absence of the appellant from the hearing. On the motion to set aside the order appointing the guardian, the appellant sought to impeach this affidavit. Testimony at some length was presented on which the court was called upon to resolve the conflicts in the evidence. A consideration of that evidence leads fairly to the conclusion that it presented a question of fact for the trial court to determine.

The appellant's contentions on the foregoing and other points are further discussed and correctly disposed of in the opinion of the District Court of Appeal, prepared by Mr. Justice White, of which the following, with additional comment, is adopted as the opinion of this court:

"This is an appeal from two orders of the superior court of San Diego County, which were made on April 22, 1938, adjudging the appellant incompetent and appointing respondent bank as guardian of her estate, while the last-named order was one made April 13, 1939, denying appellant's petition to vacate the previously entered order appointing a guardian for her estate.

"The pertinent facts are that on or about April 7, 1938, proceedings were had upon a complaint which sought commitment of appellant to a state institution as an alcoholic. After a hearing at the psychopathic ward on April 14, she was sent home and the hearing continued one year, a psychopathic parole officer being designated 'to look after her to some extent.' Mrs. Andrews was represented at this hearing by attorney Keith Ferguson. Two days thereafter, on April 16, Mr. Ferguson filed on behalf of John B. Andrews, husband of appellant, a petition alleging that the latter was

incompetent and praying for the appointment of a guardian of her estate. A citation was issued, and in the afternoon of that day Mr. Ferguson personally served the same upon Mrs. Andrews. Mr. Ferguson told Mrs. Andrews at that time that if her physician believed that the state of her health was such that she should not appear they could substitute the affidavit of her physician to that effect, and that it seemed to him a proper case for the affidavit to be used. Mrs. Andrews asked if she could contact her doctor, but Mr. Ferguson said he knew her physician, Dr. Diefenbach, and would speak to him; that he presumed he would be willing to make such an affidavit. On April 22, the day set for the hearing, Mr. Ferguson prepared an affidavit and sent it to Dr. Diefenbach, who signed it after a telephone conversation with Mr. Ferguson. It was then returned to the office of Mr. Ferguson, who affixed his signature and notarial seal thereto and presented it at the hearing. The affidavit contained the statement 'that Juliette B. Andrews . . . is under his' (affiant's) 'professional care; that she is confined to her home in the personal charge of nurses at all times; that in the opinion of affiant, she is not able to attend a court hearing on Friday, April 22, 1938, by reason of her physical condition.' The doctor testified at the hearing on the petition to vacate the order appointing the guardian that he had last seen Mrs. Andrews on March 15, but that his affidavit was based on 'knowing the patient since 1936; seeing her through several illnesses; letters which I had from Doctor Kerr of the University of California . . . and also a neurologist whom I don't recall'; also reports from Dr. Yuskis as to her alcoholism and inability to eat; and extreme nervousness and inability to sleep at night. The doctor further testified: 'I knew she was up around the house, at least this is my report of the nurse. I knew she had been out for rides. I urged that. I knew she was . . . very nervous and very restless . . . Q. You have not given us the ultimate conclusion that you reached as to whether she was in condition to be produced in court or not? A. Physically she could have been taken to court. . . . Q. What did you apprehend, as a professional man, would probably happen? . . . A. An extreme nervous tension, one of these cataleptic or epileptic seizures, whichever they were, and strain on a woman who had gone through considerable, with a serious illness shortly in the background. . . . I thought

she should not be produced. Q. Why not? A. On the ground just stated, and from the fact that this was presumably settled and it was agreeable to her to go through with this procedure.' On cross-examination he testified: ''Q. . . . You were under the impression, at least under the belief at the time you made this affidavit, that Mrs. Andrews had consented to the appointment of a guardian of her property, and that this proceeding was agreeable to her? A. That is what I was told and believed.' The doctor further testified that he never saw Mr. Ferguson in person; that he thought the incompetency hearing was merely 'a formal routine matter.' . . . ''

Although the trial court stated that the appellant could have attended the hearing, such statement must be taken in connection with the finding and conclusion of the court that the showing as to her physical condition was sufficient to excuse her absence.

''It is stated in respondent's brief, and not denied, that since the adverse ruling upon her application to revoke the order appointing the guardian, appellant on her own petition has been restored to competency.

■ ''The appeal from the order appointing the guardian must be dismissed, for the reason that the same was not taken within the time prescribed by law. (Prob. Code, sec. 1233; Code Civ. Proc., sec. 939.) This court is therefore without jurisdiction to consider the appeal on the merits. (*Williams* v. *Long,* 130 Cal. 58 [62 Pac. 264, 80 Am. St. Rep. 68]; *Lawson* v. *Guild,* 215 Cal. 378 [10 Pac. (2d) 459].)

■ ''Appellant's claim that the order denying her petition to set aside the decree appointing the guardian must be reversed because the court was without jurisdiction, cannot be upheld. It is true, as urged by appellant, that section 1461 of the Probate Code provides that the alleged incompetent 'must be produced at the hearing,' but that such attendance may be excused upon the filing of an affidavit by a physician that by reason of physical disability such person is unable to attend. . . .' '' The affidavit presented to the court at the hearing was on its face sufficient and was not successfully impeached at the hearing on the motion to set aside the order appointing the guardian.

■ ''It becomes unnecessary to pass upon the legality of the physician's affidavit taken through the telephone, for it is evident no prejudice resulted to appellant therefrom. In-

deed, at the hearing upon the motion to vacate the guardianship order the doctor confirmed the statements made by him in his affidavit and gave his reasons for believing that the alleged incompetent should not have attended the hearing, testifying as to the consequences which in his opinion might ensue to her physical and mental well-being were she to attend. (*Banning* v. *Banning*, 80 Cal. 271 [22 Pac. 210, 13 Am. St. Rep. 156]; *Fairbanks, Morse & Co.* v. *Getchell*, 13 Cal. App. 458 [110 Pac. 331].)

■ "We find no merit in appellant's contention that due and legal service of the citation was not made upon her for the reason that under the old common-law rule, undisturbed by statute, an attorney may not serve a process the issuance of which was procured by him. Upon conflicting but substantial evidence, the court found that in the guardianship proceeding attorney Ferguson was acting as counsel for appellant's husband. Not being a party to the action, the attorney was competent to serve the citation. (Code Civ. Proc., sec. 410; *Anderson* v. *Goff*, 72 Cal. 65, 66 [13 Pac. 73, 1 Am. St. Rep. 34]; *Sheehan* v. *All Persons*, 80 Cal. App. 393 [252 Pac. 337].)

■■ "Lastly, appellant urges that the order refusing to set aside the original order appointing a guardian should be reversed because the petition for such relief was timely and merited for appellant an opportunity to have a hearing upon the merits and in her presence. Conceding, but not deciding, that the court had a right in the second proceeding to set aside an order from which no appeal was taken and which for all purposes was final, such power nevertheless could be exercised only when, in the discretion of the court, the ends of justice would be thereby served. In the instant case the court resolved its discretion against appellant, and we cannot say that the court's action amounted to an abuse of discretion. The granting of such relief as to a judgment or order not void upon its face must depend somewhat upon the circumstances of each particular case, except, of course, that application for relief must be made within the time limited by section 473 of the Code of Civil Procedure. Where, as in the case before us, the applicant for relief acquiesced in the original order of guardianship for four months and permitted respondent bank as guardian to administer her estate, we would not be justified in concluding that the

trial court's decision was not a fair and just exercise of its discretion.''

For the reasons herein stated, the appeal from the order of April 22, 1938, appointing respondent bank as guardian is dismissed, and the order of April 13, 1939, denying the petition to vacate the aforesaid order of April 22, 1938, is affirmed.

Curtis, J., Carter, J., Traynor, J., and Edmonds, J., concurred.