[Civ. No. 2941. Fourth Dist. Feb. 17, 1942.]

LULU KNICKERBOCKER, Appellant, v. REDLANDS HIGH SCHOOL DISTRICT et al., Respondents.

Fred A. Wilson for Appellant.

Jerome B. Kavanaugh, District Attorney, and Donald S. Gillespie, Deputy District Attorney, for Respondents.

SCHOTTKY, J. pro tem.—Petitioner and appellant filed a petition for a writ of mandate ordering the respondent Board of Trustees of Redlands High School District to restore petitioner to the position of an employee of said district as a teacher of commercial subjects in said high school, and to permit her to perform her duties as such employee for the school year of 1940-1941, and also to pay petitioner the salary accrued for the school year 1940-1941.

The respondent board of trustees filed an answer setting forth that petitioner was served with a notice of termination of employment in the manner provided by the School Code of California and that she ceased to be an employee of respondent district prior to the school year 1940-1941.

The trial court found substantially that until the first day of July, 1940, respondents Cope, Hentschke and Cole constituted the Board of Trustees of Redlands High School District;

that on April 30, 1940, at a meeting of said board of trustees, all members of said board being present, and having been notified of said meeting, the purpose for which said meeting was called being known and acquiesced in by all members of said board, a resolution was adopted by the unanimous vote of said board that the services of appellant as a teacher for said Redlands High School District would not be required for the ensuing school year 1940-1941; that said board of trustees at said meeting authorized and directed John Branigan, Superintendent of Redlands High School District, to send said notice of termination of employment of appellant and that the same was sent to appellant by registered mail and was received by her prior to the 15th day of May, 1940. The trial court further found that appellant was not and never had been a permanent employee of the Redlands High School District and that said district was not indebted to appellant in any amount. From said findings of fact the trial court concluded that a writ of mandate should be denied, and judgment in favor of respondent was entered in accordance with said findings and this appeal is from said judgment.

Appellant makes two points upon this appeal: (1) that the governing board of respondent district did not give notice in writing to appellant as provided in section 5.681 of the School Code and hence the attempted dismissal of appellant was ineffectual; (2) that the meeting of respondent board at which the action to dismiss appellant was taken was not a legal meeting of said board.

Under section 5.500 of the School Code, a probationary teacher will acquire the status of a permanent teacher at the end of three years unless, as provided in section 5.681 of the same code, on or before the 15th day of May in any year the governing board gives notice in writing to the probationary employee that his or her services will not be required for the ensuing year.

The full text of said section 5.681 is as follows:

"Time to give notice of dismissal. Manner of Service. On or before the fifteenth day of May in any year the governing board may give notice in writing to a probationary employee that his services will not be required for the ensuing year.

"Such notice shall be deemed sufficient and complete when delivered in person to such employee by the clerk or secretary of the governing board of the school district or deposited in the United States registered mail with postage prepaid, ad-

dressed to such employee at his last known place of address.''

▉ It may be taken as settled by our courts that the written notice provided for in said section 5.681 is mandatory. (*Darby* v. *Biggs School District*, 15 Cal. App. (2d) 218 [59 Pac. (2d) 167], and cases therein cited.)

It is likewise settled that the serving of the notice provided for in the second paragraph of section 5.681 is purely ministerial. (*Steele* v. *Board of Trustees*, 121 Cal. App. 419 [9 Pac. (2d) 217].) ▉ In the case at bar the only writing received by petitioner was a letter from the superintendent of the Redlands High School District, reading as follows:

> "Redlands Public Schools.
> John Branigan, Superintendent.
> Redlands, California, April 30th, 1940.

"Mrs. Lulu Knickerbocker,

"105 Center Street,

"Redlands, California.

"Dear Mrs. Knickerbocker:

"At a special meeting of the Board of Trustees of the Redlands High School District, with all members present, held this 30th day of April, 1940, at 11:00 A. M., at its regular meeting place, the High School Auditorium Building of Redlands High School, the Board this day pursuant to Section 5.681 of Article 4 of Chapter 7, page 305, School Code of the State of California, of the year 1937, did unanimously pass a motion to the effect that they give you this notice in writing that your services for the school year 1940-1941 and subsequent years will no longer be needed.

"This notice according to the foregoing section shall be deemed sufficient and complete when deposited in the United States registered mail with postage prepaid, addressed to you at your last known place of residence, viz. 105 Center Street, Redlands, California.

> "Very sincerely yours,
> "John Branigan, Superintendent of Schools.''

Counsel for appellant and petitioner contends that inasmuch as this letter to petitioner was written on the letterhead of "John Branigan, Superintendent,'' was sent by registered mail in an envelope returnable to "John Branigan, Superintendent of Schools,'' and was signed "John Branigan, Superintendent of Schools,'' it is a letter from the superintendent and is not a notice by the board.

The trial court found that the board "authorized and directed John Branigan, Superintendent of Redlands High School District, to send said notice of termination of employment" and that "said notice of termination of employment of petitioner herein by the Board of Trustees of the Redlands High School District" was mailed to and received by petitioner prior to May 15, 1940.

Appellant contends further that even if it should be held that the board of trustees intended to authorize the superintendent to give the notice, it still fails to meet the requirement of the statute that the board shall give the notice.

Appellant cites section 4319 of the Political Code, which provides that " 'Notice' includes all papers and orders (except process) required to be served in any proceeding before any court, board, or officer, or when required by law to be served independently of such proceeding."

Appellant also quotes the following language from *Williams* v. *Bergin,* 108 Cal. 166 [41 Pac. 287], at page 171:

"Notice, when required by a statute, is not the equivalent of knowledge, and the supervisors gain jurisdiction to act upon the appeal only by giving the notice that the statute requires, and in the manner that is required, and not by the fact that the parties interested may have knowledge of their intended action. The term 'notice' of itself imports that the information given thereby comes from an authentic source, and is directed to some one who is to act or refrain from acting in consequence of the information contained in the notice. (See *Fry* v. *Bennett,* 7 Abb. Pr. 355; *Minard* v. *Douglas County,* 9 Ore. 210.) A notice which, by its terms, is directed to A is ineffectual as a notice to B, even though it is delivered to B and he is thereby informed of its contents."

Appellant also cites *In re Central Irrigation District,* 117 Cal. 382 [49 Pac. 354], and a number of cases from other states holding to the same effect as *Williams* v. *Bergin, supra.* These cases deal with the formation of street improvement districts and other proceedings wherein the statutory notice required was a necessary step in the proceedings in order to acquire jurisdiction.

These authorities, so strongly relied upon by appellant, are not applicable to the case at bar, where the notice required is merely notice of an act that has already taken place and not a notice of a meeting at which action was to be taken.

Appellant argues further that the statute in question

must be strictly construed because, to quote the language of appellant, "the tenure of a teacher—the continuance of her employment—constitutes a valuable personal right, the forfeiture of which is effected only when the governing board has given written notice of dismissal." However, in the case at bar appellant was only a probationary teacher and the board of trustees had the right to decide not to reemploy her without giving her an opportunity to be heard. Section 5.681 was enacted no more for the protection of teachers than for the maintenance of the efficiency of our school system. The whole system of legislation regulating the educational machinery is based upon the consideration of the welfare and best interests of the children. The proper regulation of tenure in office and other rights of teachers were also properly considered and regulated, but the fundamental purpose and primary object of the legislature was the consideration of the welfare of the children. This fundamental purpose must not be lost sight of by courts in the construction of legislation dealing with our educational system. In the case at bar, appellant had no more right to acquire permanent tenure than the board of trustees had to decide that she should not be reemployed, and in the construction of section 5.681 the deliberate decision of the school board not to reemploy appellant should not be set aside by a construction of section 5.681 that is not required by its language.

In the case at bar the court found that the board of trustees unanimously adopted a resolution not to reemploy appellant and authorized the superintendent of said high school district to send notice of termination of employment to appellant, and the court further found that notice of termination was sent by registered mail to appellant and received by her prior to May 15, 1940. The text of the letter sent to appellant is herein set forth and we are of the opinion that the court below correctly concluded that said letter, so sent by the superintendent of Redlands High School District, who, under section 2.95 of the School Code, was the chief executive officer of the board, was a sufficient notice in writing by the governing board to appellant, probationary employee, that her services would not be required for the ensuing year.

In the case of *Steele* v. *Board of Trustees of the Pittsburg Public Schools*, 121 Cal. App. 419 [9 Pac. (2d) 217], the court said at page 422:

"The clerk of a board of trustees of a school district is an

officer. (See School Code, secs. 220-294; *Spreckels* v. *Graham,* 194 Cal. 516, 529 [228 Pac. 1040].) The act of serving a notice is purely ministerial. (*Couthway* v. *Berghaus,* 25 Ala. 393; *Eldridge* v. *Holway,* 18 Ill. 446; 46 C. J. 927.) Whether the clerk is an officer or merely an agent, he has the right to delegate the performance of that ministerial act. (46 C. J. 1033; Civ. Code, sec. 2349.) It follows that the service of the notice met every call of the statute.

"The petitioners contend that as the statute named the clerk as the person to serve the notice and as the statute is mandatory no one else could legally perform the act. That contention is too narrow even under rules of strict construction. By virtue of article I, section 22, of the Constitution of California, all the provisions of that instrument are mandatory. But no one would contend that the Governor must in person take his messages to the legislature (art. V, sec. 10), or in person take a vetoed bill to the house in which it originated (art. IV, sec. 16). Nor would it be claimed that an owner must in person file a notice of completion or a mechanic must in person file for record his claim of lien (Code Civ. Proc., sec. 1187); nor that the plaintiff must in person file his notice of pendency of action (Code Civ. Proc., sec. 409). But all of these statutes are to be strictly followed. A more stringent rule was hardly intended to apply to school trustees, the great majority of whom are horny-handed sons of toil." (See, also, *Salmon* v. *Allen,* 1 Cal. App. (2d) 115 [36 Pac. (2d) 153]; *Fleming* v. *Board of Trustees,* 112 Cal. App. 225 [296 Pac. 925].)

The remaining point raised by appellant is that the meeting of the respondent board of trustees, at which the action not to reemploy appellant was taken, was not a legal meeting of said board, and that, therefore, the resolution adopted was ineffective.

The court below found that at the time of said meeting there were only three members of the board of trustees, there being two vacancies, and that "on the 30th day of April, 1940, . . . all members of said Board of Trustees being present and having been notified of said meeting, the purposes for which said meeting was called being known and acquiesced in by all members of the Board of Trustees" the resolution in question was unanimously adopted. It is not claimed that this finding is not supported by the record, but the appellant contends that said meeting was a special meeting and was

not called in compliance with section 2.1092 of the School Code, which reads as follows:

"Special meetings may be held at the call of the president of the board. Upon the request, in writing, signed by a majority of any board, the president of the board shall call a meeting thereof. Of all special meetings of any board, the members thereof shall have at least two days notice, issued and served by the clerk thereof. At special meetings no business shall be transacted other than that specified in the call therefor."

Respondents, in reply, admit that the action was taken at a special meeting but contend that the unanimous action of the board of trustees at a special meeting, regardless of the type of notice given, is valid and binding. Respondents admit that the notice as required by said section 2.1092 of the School Code was not given to the members of the board of trustees, but respondents contend that any irregularity in reference to the giving of notice of the special meeting was waived by the fact that all of the board members were present, and particularly inasmuch as all of the board members discussed the question of the termination of employment of petitioner.

We have been unable to find any California decision upon this precise point but the contention of respondents seems to be supported by the great weight of authority, and appellant has cited no case holding to the contrary.

The general rule regarding the waiving of notice of a special meeting of a board of trustees of a school district, where all members are present and participate, is found in 56 Corpus Juris, at page 337, section 210, wherein it is stated:

"Such notice is, however, for the benefit of the members of the board rather than that of the public, and so, even where it is required by statute to be given, it may be waived by the persons entitled to receive it; and where all the members of a board are present and participate in a meeting thereof they may take official action, and the fact that no notice of such meeting was given, or no formal call was issued, or that the notice or call was irregular or insufficient, is immaterial to the validity of the proceedings."

The above-quoted text is supported by the following cases: *Center Hill School District* v. *Hunt*, 194 Ark. 1145 [110 S. W. (2d) 523]; *State* v. *Tucker*, 39 N. D. 106 [166 N. W. 820]; *Rice* v. *Bradley County School District*, 109 Ark. 125 [159 S. W. 29]; *Decker* v. *School District Number Two*, 101 Mo.

App. 115 [74 S. W. 390]; *Wysong* v. *Board of Education,* 86 W. Va. 57 [102 S. E. 733]; *Hlavka* v. *Common School District,* 192 Minn. 169 [255 N. W. 820].

We do not regard as serious the fact that there were only three trustees in office at the time of the meeting, whereas the law provides for a board of five members. The action taken was unanimous and would have constituted the action of a majority of the board even if there had been five members in office at the time. If a special meeting of the board could not be held in this case, it would mean that a special meeting of the board of trustees of a school district could never be held if there was a vacancy on the board. Such a construction is, in our opinion, neither reasonable nor sound, and it is only fair to state that it is not urged seriously by appellant.

From the foregoing we conclude that the court below correctly decided that at a legal meeting of the Board of Trustees of Redlands High School District said board adopted a resolution that the services of appellant would be no longer required, and that notice to that effect was given in writing to appellant in conformity with section 5.681 of the School Code.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 16, 1942.