[Civ. No. 22042. Second Dist., Div. Two. Mar. 1, 1957.]

LESLIE HERMAN STERNBECK, Appellant, v. LLOYD I. BUCK et al., Respondents.

Royal M. Galvin and Walter R. Baranger for Appellant.

Samuel Duskin and David S. Smith for Respondents.

MOORE, P. J.—The paramount question posed by this appeal is whether, according to the findings, the delivery by the process server to the defendant's wife on the front driveway of their home of copies of summons and complaint and her promise to see that her "husband gets them" constitutes service of process, the husband having been out of view 100 feet distant in the rear, building a barn, process server having neither proceeded farther to the rear nor attempted to contact him.

Mr. and Mrs. Buck first sued appellant for damages to their automobile by reason of the allegedly wilful acts of appellant (action 624714, Los Angeles Superior Court) and no answer having been filed, a default judgment was entered against Sternbeck. He moved to be relieved of his default under Code of Civil Procedure, section 473, on the grounds of excusable neglect and want of personal service of the summons. Such motion having been finally denied on the ground that the time for the motion had expired, he brought this action in equity to vacate the default judgment on the same grounds alleged in his motion. Having heard the evidence, the trial court determined that the neglect of Sternbeck and his original attorney were not excusable, and that while the facts averred in Sternbeck's complaint relative to the service of process were substantially correct, yet the service was legally complete. Appellant contends that the judgment in action 624714 had been entered without service of summons having been made.

■ Respondents contend that the denial of relief from the judgment under section 473 on the ground of excusable neglect is res judicata of appellant's complaint. That claim is without support in law. Such action by a trial court is not res judicata of the allegations of a complaint in equity where the ruling is (a) based upon merely procedural or jurisdictional grounds or (b) the judgment is directly rather than collaterally attacked. (*Lake* v. *Bonynge,* 161 Cal. 120, 131 [118 P. 535].) It is obvious that both conditions are present in the instant controversy. The record in action 624714 discloses that the motion to set aside default judgment was denied because filed too late. It follows, therefore, that the order was not based upon the merits of the claim. Nothing

was decided relative to the validity of the judgment attacked except that it was too late to pursue the special remedy provided by section 473.

■ Also, the present attack on the judgment is by an equitable action. The doctrine announced by *Lake* v. *Bonynge, supra,* to wit, that an order made in response to a motion is not res judicata of a direct attack, has been held in numerous decisions. (*Newman* v. *Barnet,* 165 Cal. 423, 426-427 [132 P. 588]; *Bacon* v. *Bacon,* 150 Cal. 477, 484-485 [89 P. 317]; *Estudillo* v. *Security Loan & Trust Co.,* 149 Cal. 556, 564-565 [87 P. 19]; *Wilson* v. *Wilson,* 55 Cal.App.2d 421, 426 [130 P.2d 782]; *Winn* v. *Torr,* 27 Cal.App.2d 623, 627 [81 P.2d 457]; *Anglo California Trust Co.* v. *Kelley,* 117 Cal. App. 692, 695 [4 P.2d 604].) An action in equity to set aside a judgment entered in a prior action is treated as a direct rather than as a collateral attack. (*Bacon* v. *Bacon, supra; Wilson* v. *Wilson, supra.*) In the interest of accuracy, some courts have chosen to designate the attack as "indirect." (See *Le Mesnager* v. *Variel,* 144 Cal. 463, 467 [77 P. 988, 103 Am.St.Rep. 91].) However, in any event, the same results flow as on direct attack.

It thus becomes necessary to determine whether the alleged service of summons in the original action operated to confer upon the court personal jurisdiction of Sternbeck. The findings in the instant action indicate that compliance with all requisites of an action in equity to annul a judgment has been observed if indeed such service was insufficient. ■ Service of summons in conformance with the mode prescribed by statute is deemed jurisdictional. Absent such service, no jurisdiction is acquired by the court in the particular action. (*Chaplin* v. *Superior Court,* 81 Cal.App. 367, 371 [253 P. 954]; Witkin's California Procedure, p. 329.)

Section 411, Code of Civil Procedure, in its first eight subdivisions prescribes with meticulous care the manner of service upon corporations, joint stock companies, minors, insane persons, cities, dissolved corporations, a state board, a candidate for public office who cannot be found within the state. By subdivision 9, it provides that "In all other cases [a copy of the summons must be delivered] to the defendant personally." In the Chaplin case, *supra,* it was held "that in the absence of service of process on the defendant" orders made against him are void. ■ "Personal service" means the actual delivery of the papers to the defendant in person. (*Holiness Church* v. *Metropolitan Church Assn.,* 12 Cal.App.

445, 448 [107 P. 633]; *Hunstock* v. *Estate Development Corp.*, 22 Cal.2d 205 [138 P.2d 1, 148 A.L.R. 968].) In considering the appropriate method of serving a corporation, the court in the Hunstock case reasoned that ''delivery'' of process connotes manual tradition to the person to be served and that ''delivery'' is identical with ''the common law rule of personal delivery'' as provided for in Code of Civil Procedure, section 411. Although the strict requirements of manual tradition of the papers are relaxed when the defendant attempts to flee the approaching process server (see *In re Ball*, 2 Cal.App. 2d 578 [38 P.2d 411], where the process was thrown at the retreating defendant; *Trujillo* v. *Trujillo*, 71 Cal.App.2d 257, 259-260 [162 P.2d 640], where the papers were placed in the windshield wiper of defendant's retreating automobile), no such problem was presented in the instant case. In fact, appellant seems to have been perfectly amenable to proper service. He was within easy reach of the deputed process server who chose not to walk 100 feet to deliver the summons.

■ The vast majority of jurisdictions possessing statutes requiring that a party be served ''personally'' or ''personally served'' hold that a ''substituted service'' upon a member of the defendant's family at the residence of the defendant *does not* suffice to confer personal jurisdiction upon the court. (Note, 172 A.L.R. 521.) Research of California authority does not disclose any reason to depart from these holdings. As mentioned above, section 411 enacts ''the common law rule of personal delivery.''

Respondent contends that since this action is one in equity, the only question to be determined is whether or not the defendant actually received the papers which would have given notice of the suit. Such contention ignores the plain verbiage of the statute and in effect asks the court to rewrite section 411 by adding to subdivision 9 substantially the following: ''but when a summons is not personally served, the trial court may ascertain whether the defendant ultimately came into possession of the summons and if so, there was satisfactory compliance with the section.'' Such action would be a judicial rewriting of a statute. The Legislature is available for that service. ■ An action in equity to set aside a judgment is a direct attack upon it just as a motion under section 473 or an appeal. In fact, should the time for appeal or motion have expired, such an action is the only *direct* attack available. In all events, it is the most practicable

mode since it is difficult to obtain proof of lack of service other than by affidavits. Therefore, exactly as on motion or appeal, if service in the original action has not been made within the provisions of section 411, the court has no jurisdiction whatsoever over the defendant, its judgment is a complete nullity and should, after proper proceedings, be set aside. Merely because an action sounds in equity, it does not justify the court in rewriting the code sections relating to personal jurisdiction by proclaiming that "substituted service" is just as good as "personal service" where the defendant in fact receives the papers. If such reasoning were sound, service by mail would similarly suffice where the defendant actually opened the envelope and received the documents. It is for the Legislature, not the courts, to liberalize the techniques of serving process if it be deemed to be in the best interests of the administration of justice.

The frailty of respondent's thesis is verified by the solitary authority cited, to wit, *Vail* v. *Jones*, 209 Cal. 251 [287 P. 99]. At first blush, it implies that service upon a member of his family might be deemed service upon the defendant. But, a close inspection indicates that the court studiously detoured around such a commitment. The trial court in that case found that the purported process server did not in fact serve the defendant but that the defendant had already been "served." The record presented conflicting testimony. Its gist was that the defendant was an invalid whose daughter handled all her business affairs; the process server knocked on the door; the daughter answered, the defendant was in another room in the four-room house, possibly within sight of the door; the daughter took the summons. The court held that this evidence could raise "inferences" to justify the finding of service—for example, perhaps, that the daughter was the defendant's agent or that the server was in the presence of the defendant. Thus, the court there laid down no rule for the guidance in future controveries. No court since the rendition of the Vail decision has ventured to hold that section 411 authorized any other mode of service than the delivery of the summons to the defendant in person as explicitly required by the code. (See discussion in Witkin on California Procedure, p. 811.) In effect, the opinion merely stands for the proposition that in the particular record there presented, sufficient inferences of due service to support a finding of service existed.

Respondent cites authority to the effect that it is the fact

and not the proof of service which confers jurisdiction upon the court. They are not in point. The findings of the trial court illustrate that there was no delivery of a copy of summons and complaint in *fact* and thus no service and no jurisdiction was acquired to render default judgment in action Number 624714.

However, the testimony of Mr. Smith, the process server, is that Mr. Sternbeck's wife accompanied him to the rear of the yard where he met Mr. Sternbeck, and that they were within approximately 3 feet of each other. Smith testified that he there informed Mr. Sternbeck that he had a copy of a summons and complaint for him. He testified: "I reached out, quite certain that I touched his body with the papers. And he said, 'No. Give it to my wife.' And I handed the papers to Mrs. Sternbeck in his presence." Evidently the trial court did not believe Smith's testimony that he reached out and was quite certain that he touched "his body with the papers" and that he "handed the papers to Mrs. Sternbeck in his presence." ■ Now, if, as Mrs. Sternbeck testified, Smith gave the papers to her at the entrance of the driveway on her promise that she would give them to her husband, he was not authorized to depute the wife or any other person to give the summons and complaint to Mr. Sternbeck. *Potestas delegata non deleganda potest* is a principle as old as the law itself. Mr. Smith testified that he was serving all the papers of Mr. Duskin, attorney for Buck, "at that time." In that event, he had no authority to leave the summons with Mrs. Sternbeck on any promise she might make.

Of course, Mr. Smith's testimony if believed upon retrial, would support a finding of personal service. (See *In re Ball,* 2 Cal.App.2d 578, 579 [38 P.2d 411]; *Thorndyke* v. *Jenkins,* 61 Cal.App.2d 119, 121 [142 P.2d 348].)

The judgment is reversed.

Fox, J., concurred.

ASHBURN, J., Dissenting.—Appellant does not attack the finding that his failure to defend the action of *Buck* v. *Sternbeck* was due to inexcusable neglect. Nor does he attack finding IV: "That the liability of Leslie Herman Sternbeck for the acts referred to in case No. 624714 is clear, and that defendants herein were entitled to recover damages from Leslie Herman Sternbeck," or finding III: "That if the case were re-tried, it is difficult to ascertain what ultimate disposi-

tion might be made as to an award of damages, although this Court believes that the award might be substantially less than that awarded in case No. 624714.'' His reply brief says: ''Appellant seeks to clarify that point by unequivocally stating that he intends to and is only raising one issue before the Appellate Court, to wit—Did the delivery upon Appellant's wife of the Summons and Complaint and subsequent delivery by her to Appellant constitute personal service upon Appellant within the meaning of Section 411(8) of the Code of Civil Procedure.''

The findings show that the court adopted the testimony of Mrs. Dolores Sternbeck, the wife of appellant. She testified that she was in the driveway when the process server, Smith, approached her saying: ''Pardon me.'' She asked if she could help him and, being identified as Mrs. Sternbeck, told him in response to his inquiry that her husband was in the back yard. ''And then he says, 'I have some papers for him. Will you see that he gets them?' And I said yes, I would, right away. Of course—— . . . Q. A man handed you some documents, is that right? A. Yes. He did. . . . Q. Did he say anything to you about what these papers were? A. No. He said he had some papers for my husband, for Mr. Sternbeck. . . . Well, the man handed me the papers. And I said, 'I will see that my husband gets them.' And I turned and walked away. And he left.'' Within five to ten minutes she handed the papers (a summons and complaint) to her husband, saying ''Here is some papers from Marie Buck.'' Appellant himself testified: ''Well, she brought the papers back and says, 'Here is papers from Marie Buck.' Or 'The Bucks.' Something——something of that kind. So when she took—— I didn't like it when she took them because he was supposed to serve me. . . . Q. What did you do with them when she gave them to you? A. I took them and read them. And that was all I did with them that day.'' He also said: ''I don't recall what date it was. I was served the papers—— I got the papers on Saturday. And I believe I went up there [attorney's office] Monday or Tuesday, within the next few days, to take care of it.'' Concededly, after reading the documents he took them to an attorney for the purpose of making a defense.

The essence of personal service of process is the passing of the document from the hand of the process server into the hands of the defendant, or an equivalent act in case defendant refuses to take the same. (*Hunstock* v. *Estate De-*

*velopment Corp.*, 22 Cal.2d 205, 209, 210 [138 P.2d 1, 148 A.L.R. 968].) Any person other than a party to the action may make the service (Code Civ. Proc., § 410). That person may be actually interested in the result, for it may be the plaintiff's attorney (*Sheehan* v. *All Persons,* 80 Cal.App. 393, 398 [252 P. 337]; *Guardianship of Andrews,* 17 Cal.2d 500, 505 [110 P.2d 399]). No type of ritual is essential to good service. Merely placing the process in defendant's hands without a word is enough where he is named as a defendant. It is the fact and not the accuracy of the proof of service that fastens the court's jurisdiction onto the defendant. (*Vail* v. *Jones,* 209 Cal. 251, 255 [287 P. 99]; 21 Cal.Jur. § 57, p. 538.) If a process server designates a subagent for the purpose of service that is no affair of defendant's. The receipt of summons and complaint, with understanding of its nature, is what counts. In this instance defendant fully understood the documents, as is evidenced by the fact that after reading the same he took them to an attorney for the purpose of defending the action.

According to the wife's testimony she was delegated by the process server to deliver the papers to her husband, expressly undertook to do so and actually performed that promise within five to ten minutes. The case of *Vail* v. *Jones, supra,* 209 Cal. 251, correctly interpreted, is directly in point. In that instance it appeared that the summons and complaint in an action of one *Jones* v. *Annie H. Vail* had been delivered by the city marshal to the daughter of defendant Vail "for the mother," as the opinion phrases it at page 254. Mrs. Vail and the daughter both denied that the latter delivered the papers to Mrs. Vail or that she, the defendant, ever knew of the action. The lower court found that the process had not been served by the marshal as stated in his return of service, but that it had been duly served (p. 254). At page 255 the court said: "It cannot avail appellant that the proof of service made in the quiet-title action differed from the fact of service, and, therefore, it becomes unimportant whether the service was made by Crosbie, as he alleged in his return, or whether it was made by someone else, as would follow from the trial court's finding as to service. Jurisdiction does not depend upon the proof of service, but upon the fact that service has been made." This language could refer to nothing other than a delivery by the daughter to the mother, as had been circumstantially shown. This being so the case is directly parallel with the one at bar. In Vail, the process

server delivered the papers to defendant's daughter who understood they were for the mother; she in turn delivered them and that was held to be valid service. In the present instance the papers were delivered to the wife with request to deliver the same to defendant husband; she agreed to do so and promptly performed. That should be held valid service here.

It is not suggested that leaving the process at the residence of defendant or with a relative, without more, is sufficient to effect personal service. But in my judgment the finding of personal service in the case at bar should be upheld upon the theory that Smith, the process server, delegated to Mrs. Sternbeck the task of completing service; that that was a delegable duty (*cf.* Civ. Code, § 2349; *Steele* v. *Board of Trustees,* 121 Cal.App. 419, 422 [9 P.2d 217]; *Knickerbocker* v. *Redlands High Sch. Dist.,* 49 Cal.App.2d 722, 725 [122 P.2d 289]); that it is legally inconsequential whether he had authority to delegate or not; that the subagent, Mrs. Sternbeck, performed the task and completed the service, the significance of which was understood by the defendant.

A petition for a rehearing was denied March 25, 1957. Ashburn, J., was of the opinion that the petition should be granted. The following opinion was then rendered:

THE COURT.—Respondents' argument on petition for rehearing is a reaffirmation of the age-old but oft' repudiated doctrine that "the end justifies the means." Respondents say that since appellant actually received the summons and complaint, it matters not that the service did not conform with the statutes or that the process server filed a perjured affidavit. ■ Section 411 of the Code of Civil Procedure provides that the summons must be served "by delivering a copy thereof . . . 9. In all other cases to the defendant personally." Section 410, Code Civil Procedure, provides that the summons (together with a copy of the complaint) may be served by certain peace officers, "or any other person over the age of 18, not a party to the action." With respect to the return it states: "When it is served by any other person, it must be returned to the same place, with the affidavit *of such person* of its service, and of the service of a copy of the complaint." (Emphasis added.)

Read together, these sections mean that the summons and complaint must be delivered to the defendant personally, and

that the person making the delivery *must* make the affidavit. No other conclusion can be reached.

The form of summons currently in use in the County of Los Angeles has on its reverse side an "Affidavit of Service" reading in part as follows: "The undersigned being duly sworn, says: I am and was at the time of the service of the summons herein, over the age of 18 years, and not a party to the within entitled action; *I personally served* the within Summons on the hereinafter named defendants, *by delivering to* and leaving with each of the said defendants *personally . . .*" (Emphasis added.) Thus it can be seen that the affidavit complies with the law.

For this court to hold that a process server can delegate his authority, as was done in the case at bar, and then legally execute and file the above affidavit, would be for us to encourage perjury in the filing of false affidavits. It matters not that the plaintiff in the instant case actually received the documents. To countenance the illegal practice in this case would be to invite every process server to delegate his authority and then file an affidavit based upon the hearsay and uncorroborated statement of the delegatee that he had properly made the service. An affidavit thus prepared might lead to an invalid default judgment.

Ashburn, J., I dissent.

Respondents' petition for a hearing by the Supreme Court was denied April 25, 1957.